[No. C022939. Third Dist. June 27, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD LEROY BEST, Defendant and Appellant.

**COUNSEL**

Dawn M. Chan, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Clayton S. Tanaka and David A. Rhodes, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MORRISON, J.**—Defendant Donald Leroy Best entered into a bargain whereby he pleaded guilty to the unlawful taking of a vehicle (Veh. Code, 10851, subd. (a)) in exchange for the dismissal of one count of making a terrorist threat (Pen. Code, § 422 [hereafter all references to undesignated sections are to the Penal Code]). He was to receive a sentence of either 16 or 32 months in state prison, depending upon whether the People were able to prove that an alleged prior conviction for assault with a deadly weapon (§ 245, subd. (a)(1)) constituted a serious felony, and, therefore, a strike (§ 667, subds. (a), (b)-(i)). Following defendant's waiver of a jury trial, the court found the prior conviction was a serious felony and imposed the 32-month sentence.

On appeal defendant contends the trial court erred in admitting into evidence, over his hearsay objection, the testimony contained in the transcript of the preliminary hearing of the prior conviction for the purpose of proving it was a serious felony. For reasons to follow, we agree.

## DISCUSSION

A violation of section 245, subdivision (a)(1), assault with a dangerous or deadly weapon, constitutes a serious felony (§ 667, subd. (a)) only if the "defendant personally used a dangerous or deadly weapon" (§ 1192.7, subd. (c)(23)). Therefore, when there is an allegation of a prior serious felony conviction based upon a violation of section 245, subdivision (a)(1), there are two parts to the proof: proof of the fact of the conviction, and proof of the nature of the conviction, that is, that defendant personally used a dangerous or deadly weapon.

In order to prove the fact of the prior conviction in this case, the People proffered the information, the change of plea form, the sentencing transcript, and the abstract of judgment of the prior conviction; in order to prove its nature, the People proffered the preliminary hearing transcript of the prior conviction. The only document defendant objected to was the transcript of the preliminary hearing, and he did so on hearsay grounds. The court overruled the objection, admitted the transcript and found the prior conviction was for a serious felony.

 Defendant argues that because the preliminary hearing of his prior conviction was conducted pursuant to Proposition 115 and consisted solely of the hearsay testimony of an officer who investigated the offense, that testimony was inadmissible at trial because it came within no exception to the hearsay rule.[1] Relying on *People* v. *Reed* (1996) 13 Cal.4th 217 [52 Cal.Rptr.2d 106, 914 P.2d 184], and *Whitman* v. *Superior Court* (1991) 54

---

[1] Proposition 115, an initiative measure adopted at the June 5, 1990, Primary Election, amended section 872, subdivision (b) to permit hearsay from a qualified testifying officer, and enacted Evidence Code section 1203.1.

Section 872, subdivision (b) provides: "Notwithstanding Section 1200 of the Evidence Code, the finding of probable cause may be based in whole or in part upon the sworn testimony of a law enforcement officer relating the statements of declarants made out of court offered for the truth of the matter asserted. Any law enforcement officer testifying as to hearsay statements shall either have five years of law enforcement experience or have completed a training course certified by the Commission on Peace Officer Standards and Training which includes training in the investigation and reporting of cases and testifying at preliminary hearings."

Evidence Code section 1203.1 provides: "Section 1203 is not applicable if the hearsay statement is offered at a preliminary examination, as provided in Section 872 of the Penal Code."

Cal.3d 1063 [2 Cal.Rptr.2d 160, 820 P.2d 262], the People contend to the contrary.

In *People* v. *Guerrero* (1988) 44 Cal.3d 343 [243 Cal.Rptr. 688, 748 P.2d 1150], the court held that to determine the substance of an alleged prior conviction, the court may look to the entire record of conviction. (*Id.* at p. 355.) However, the *Guerrero* court declined to address any question regarding "what items in the record of conviction are admissible and for what purpose." (*Id.* at p. 356, fn 1.) This point was addressed in *People* v. *Reed, supra,* 13 Cal.4th 217.

In *Reed,* the defendant was alleged to have been convicted in 1980 of violation of section 245, subdivision (a)(1), a serious felony (§§ 667, subd. (a)(1), 1192.7, subd. (c).) In order to prove defendant's personal use of a deadly or dangerous weapon, the trial court admitted into evidence, inter alia, excerpts from the preliminary hearing transcript for that offense. (13 Cal.4th at pp. 220-221.) Based in part upon these excerpts, a jury found the defendant was previously convicted of " 'assault with a deadly weapon with personal use thereof [*sic*].' " (*Id.* at p. 221.)

Before addressing the defendant's hearsay challenge, the court took up the "threshold" question of whether the preliminary hearing transcript excerpts were part of the record of the prior conviction, as required by *Guerrero.* (*People* v. *Reed, supra,* 13 Cal.4th at p. 223.) The court said: "We conclude the transcript was part of the record of the prior conviction, whether that term is used technically, as equivalent to the record on appeal (see *People* v. *Abarca* (1991) 233 Cal.App.3d 1347, 1350 . . .), or more narrowly, as referring only to those record documents reliably reflecting the facts of the offense for which the defendant was convicted. The transcript falls within even the narrower definition because the procedural protections afforded the defendant during a preliminary hearing tend to ensure the reliability of such evidence. Those protections include the right to confront and cross-examine witnesses and the requirement those witnesses testify under oath, coupled

Evidence Code section 1203 provides: "(a) The declarant of a statement that is admitted as hearsay evidence may be called and examined by any adverse party as if under cross-examination concerning the statement.

"(b) This section is not applicable if the declarant is (1) a party, (2) a person identified with a party within the meaning of subdivision (d) of Section 776, or (3) a witness who has testified in the action concerning the subject matter of the statement.

"(c) This section is not applicable if the statement is one described in Article 1 (commencing with Section 1220), Article 3 (commencing with Section 1235), or Article 10 (commencing with Section 1300) of Chapter 2 of this division.

"(d) A statement that is otherwise admissible as hearsay evidence is not made inadmissible by this section because the declarant who made the statement is unavailable for examination pursuant to this section."

with the accuracy afforded by the court report's verbatim reporting of the proceedings." (*Ibid.*)

The court next took up the defendant's hearsay challenge, observing, "As with all multiple hearsay, the question is whether each hearsay statement fell within an exception to the hearsay rule. (Evid. Code, § 1201.)"[2] (*People* v. *Reed, supra,* 13 Cal.4th at pp. 224-225.) The court first found that the certified transcript, introduced to prove the events of the prior proceeding, was within the exception for official records (Evid. Code, § 1280).

The court then rejected the defendant's claim that because the excerpts related the former testimony of the victim and his wife, the excerpts were inadmissible hearsay since there was no showing these witnesses were unavailable, as required by Evidence Code section 1291. The court concluded that because of *Guerrero*'s limitation that the trier of fact may look to the entire record of the prior conviction but no further (*People* v. *Guerrero, supra,* 44 Cal.3d at p. 355), the People were precluded from calling live witnesses to the criminal acts in the prior case. Therefore, the witnesses were unavailable as a matter of law. (*People* v. *Reed, supra,* 13 Cal.4th at p. 226.)

In the present case, the parties agree and the record so supports, that the only evidence of defendant's personal use of a dangerous or deadly weapon was the hearsay testimony of the police officer who interviewed the victim and who testified at the preliminary hearing that defendant swung a bat at the victim.

In their attempt to refute defendant's claim that the officer's preliminary hearing testimony was inadmissible to prove the nature of the conviction because that testimony is hearsay for which there is no exception, the People argue: "[T]he rationale of *Reed* was that a preliminary hearing transcript offered in those circumstances falls within an exception to the hearsay rule. Furthermore, the procedural protections afforded the defendant during a preliminary hearing are sufficient to adequately ensure the reliability of the facts shown in the transcript to look to it as a source for the facts of the offense. . . . With regard to the specific issue of the hearsay rule, *Reed* concluded that, as with all hearsay, the transcript is admissible so long as each hearsay statement it contains falls within an exception to the hearsay rule. (*People* v. *Reed, supra,* 13 Cal.4th at pp. 224-225.) The issue in this case thus turns on whether there is an exception to the hearsay rule for the

---

[2]Evidence Code section 1201 provides: "A statement within the scope of an exception to the hearsay rule is not inadmissible on the ground that the evidence of such statement is hearsay evidence if such hearsay evidence consists of one or more statements each of which meets the requirements of an exception to the hearsay rule."

additional layer of hearsay present in a 'Proposition 115' preliminary hearing that was not present in the *Reed* preliminary hearing."

The People urge that section 872, subdivision (b) and Evidence Code section 1203.1, each of which they observe were found to have withstood due process and confrontation challenges in *Whitman* v. *Superior Court*, *supra*, 54 Cal.3d at pages 1082-1083, constitute such an exception. However, while the language of this section provides that the finding of probable cause following a preliminary examination may be based on certain hearsay statements, it does not create a general exception to the prohibition against the use of hearsay in other proceedings.

*Whitman* v. *Superior Court*, *supra*, 54 Cal.3d 1063, makes clear that hearsay testimony of a qualifying police officer given at a preliminary hearing as provided by section 872, subdivision (b), violates neither due process nor the confrontation clause. However, nothing in *Whitman* suggests that such testimony is admissible at a subsequent trial unless it comes within an exception to the hearsay rule. Indeed, *Reed* expressly observes that "[a]s with all multiple hearsay, the question is whether each hearsay statement fell within an exception to the hearsay rule." (*People* v. *Reed*, *supra*, 13 Cal.4th at pp. 224-225.) The objection raised in *Reed* to the excerpts of the testimony of the victim and his wife contained within the preliminary hearing transcript was that their testimony was inadmissible because it was former testimony, not that their testimony itself related another layer of hearsay statements. In fact, no such hearsay objection could have been raised in *Reed* given that the testimony of the victim and his wife stated their direct observations of the events.

The testimony of the officer in the present case would not be made inadmissible as former testimony under Evidence Code section 1291 for the reasons stated in *People* v. *Reed*, *supra*, 13 Cal.4th 217. However, since that testimony relates hearsay statements, then pursuant to Evidence Code section 1201, *ante*, the testimony about those statements must also come within an exception to the hearsay rule in order to be admissible. Since the Legislature has provided no such exception, the evidence was not admissible for the purpose of proving that defendant personally used a dangerous or deadly weapon. Excluding the officer's inadmissible testimony, the People concede they have failed to prove that the prior conviction was for a serious felony.

In light of this conclusion, we need not address defendant's remaining challenges to the three strikes law.

## DISPOSITION

The superior court's finding that the alleged prior conviction for violation of section 245, subdivision (a)(1) is a serious felony is reversed. The judgment is modified to reduce defendant's sentence to 16 months. The superior court is directed to amend its records to reflect these modifications, and as amended forward necessary copies to the Department of Corrections. As modified, the judgment is affirmed.

Puglia, P. J., and Raye, J., concurred.

Respondent's petition for review by the Supreme Court was denied October 15, 1997.