86 Cal.Rptr.2d 134 (1999)
72 Cal.App.4th 1520
The PEOPLE, Plaintiff and Respondent,
v.
Rodrick Jermaine BLACKBURN, Defendant and Appellant.
Nos. E021188, E022053.
Court of Appeal, Fourth District, Division Two.
June 23, 1999.
As Modified July 22, 1999.
Review Denied October 20, 1999.
*137 Roberta K. Thyfault, under appointment by the Court of Appeal, for Defendant and Appellant Rodrick J. Blackburn.
Mark L. Christiansen, under appointment by the Court of Appeal, Granite Bay, for Defendant and Appellant Derwin Jules Jackson.
Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Senior Assistant Attorney General, Robert M. Foster, Supervising Deputy Attorney General, and Lora Fox Martin, Deputy Attorney General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]

OPINION
RICHLI, J.
Defendant Rodrick Jermaine Blackburn shot and killed two teenage boys, for no apparent reason other than that he "hate[d] Mexicans." There was testimony that defendant Derwin Jules Jackson encouraged Blackburn to shoot the teenagers. When the shooting was over, Jackson drove Blackburn away.
Defendants contend:
1. The testimony that Jackson encouraged Blackburn was too conclusory and uncertain to support the verdict finding Jackson guilty of aiding and abetting the murders.
2. The trial court erred by admitting evidence regarding a pair of gloves.
3. The trial court erroneously denied a Wheeler motion (People v. Wheeler (1978) 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748).
4. The trial court erroneously failed to instruct that a person who does nothing but facilitate the perpetrator's escape is not an aider and abettor.
5. Jackson's trial counsel rendered constitutionally ineffective assistance in investigating *138 and preparing for trial and in closing argument.
6. There was insufficient evidence that Jackson's prior conviction was a serious felony for purposes of the three strikes law.
7. The trial court imposed excessive restitution fines.
The $20,000 restitution fine imposed on Blackburn was in excess of the statutory maximum. We will modify the judgment by reducing the fine to $10,000. Otherwise, we find no prejudicial error. Accordingly, we will affirm the judgment as modified.

I-VII[**]

VIII

EVIDENCE THAT JACKSON'S PRIOR WAS A "STRIKE"
Jackson contends there was insufficient evidence that his prior conviction for shooting at an occupied motor vehicle (Pen.Code, § 246) qualified as a "strike."
A prior is a "strike" if it is either a "Violent felony" under Penal Code section 667.5 or a "serious felony" under Penal Code section 1192.7. (Pen.Code, §§ 667, subd. (d)(1), 1170.12, subd. (d)(1).) The only definition of a serious or violent felony potentially applicable here is "[a]ny felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm." (Pen.Code, § 1192.7, subd. (c)(8), italics added.)[9]
In the prior proceeding, Jackson was charged with one count of brandishing a firearm in the presence of an occupant of a motor vehicle (Pen.Code, § 417.3) and one count of discharging a firearm at an occupied motor vehicle (Pen.Code, § 246). In connection with the latter count, it was alleged that he personally used a firearm (Pen.Code, § 12022.5, subd. (a)). Jackson pleaded guilty to discharging a firearm at an occupied motor vehicle. The trial court dismissed the brandishing charge, and it ordered the personal firearm use allegation "[s]tricken."
Preliminarily, Jackson argues the prior cannot qualify as a "strike" because the information here did not allege that, in the commission of the prior, he personally used a firearm. The three strikes law requires that a triggering prior felony conviction be pleaded and proved. (Pen. Code, §§ 667, subds. (c), (e)(1), (e)(2)(A), (f)(1), 1170.12, subds. (a), (c)(1), (c)(2)(A), (d)(1).) This means pleaded and proved in the current proceeding; the fact that the prior was a serious or violent felony need not have been pleaded or proved in the prior proceeding. (See People v. Rodriguez (1998) 17 Cal.4th 253, 261-262, 70 Cal.Rptr.2d 334, 949 P.2d 31.)
Here, the information alleged "pursuant to Penal Code sections 1170.12(a) through (d) [and] 667(b) through (i) ... [t]hat the defendant, DERWIN JULES JACKSON, has suffered the following prior conviction of a serious or violent felony The crime of SHOOTING AT A[] *139 MOTOR VEHICLE in violation of section 246 of the PENAL Code on and about the 8TH day of SEPTEMBER, 1992 in the SUPERIOR Court of the state of CALFORNIA, for the county of RIVERSIDE, Case Number CR44158." Assuming, without deciding, this gave insufficient notice of the factual basis of the alleged "strike," Jackson waived the defect by failing to demur. (See People v. Equarte (1986) 42 Cal.3d 456, 466-467, 229 Cal.Rptr. 116, 722 P.2d 890.)
Jackson also argues that, by entering into a plea bargain in the prior proceeding, the prosecution implicitly conceded there was insufficient evidence of personal firearm use. We know of no authority for the proposition that such a concession would be binding in a subsequent prosecution. In any event, we discern no such concession. When a defendant is charged with a serious felony, including a felony in which it is alleged the defendant personally used a firearm, plea bargaining is prohibited "unless there is insufficient evidence to prove the people's case, or testimony of a material witness cannot be obtained, or a reduction or dismissal would not result in a substantial change in sentence." (Pen.Code, § 1192.7, subd. (a).) If the trial court approves a plea bargain in a serious felony case, it is supposed to indicate on the record which of these exceptions applies. (People v. Tung (1994) 30 Cal.App.4th 1607, 1611, 36 Cal. Rptr.2d 727; People v. Cardoza (1984) 161 Cal.App.3d 40, 46, fn. 6, 207 Cal. Rptr. 388.)
Our record does not reflect any such finding by the trial court in the prior proceeding. We cannot tell whether the plea bargain was approved based on insufficient evidence, a missing witness, or an insubstantial change in sentence.[10] Certainly the trial court could have found an insubstantial change in sentence; even if Jackson had admitted the personal firearm use allegation, the trial court could not have imposed the enhancement, because firearm use is a necessary element of the offense of discharging a firearm at an occupied motor vehicle. (Pen.Code, § 12022.5, subd. (a); see People v. Hansen (1994) 9 Cal.4th 300, 316-317, 36 Cal. Rptr.2d 609, 885 P.2d 1022.) Thus, we cannot say the prosecution conceded there was insufficient evidence of personal firearm use.
Jackson also briefly suggests it was part of the plea bargain that the conviction did not involve the personal use of a firearm; hence, the finding that the prior is a "strike" based on personal firearm use violates the plea bargain. Generally, however, when a plea bargain calls for striking an enhancement, that merely means the enhancement cannot be used to enhance the current conviction. The plea bargain does not bar the use of the facts underlying the stricken enhancement in sentencing on a subsequent conviction. (People v. Visciotti (1992) 2 Cal.4th 1, 68, fn. 36, 5 Cal.Rptr.2d 495, 825 P.2d 388, cert. den. 506 U.S. 893 [113 S.Ct. 267, 121 L.Ed.2d 196]; People v. Alvarez (1982) 127 Cal. App.3d 629, 634, 198 Cal.Rptr. 167.)
Jackson's main contention is that the prior cannot qualify as a "strike" because, in the prior proceeding, a personal firearm use enhancement was alleged but stricken, and never either found true or admitted. Jackson can cite no case so holding, nor does he convince us there is any reason why this should be the rule.
*140 Certainly double jeopardy principles do not apply. It has long been the law that "... the constitutional guarantee against double jeopardy `is inapplicable where evidence of prior criminal activity is introduced in a subsequent trial as an aggravating factor for consideration by a penalty phase jury. [Citations.]' [Citations.]" (People v. Medina, supra, 11 Cal.4th at p. 765, 47 Cal.Rptr.2d 165, 906 P.2d 2, quoting People v. Garceau, supra, 6 Cal.4th at pp. 199-200, 24 Cal.Rptr.2d 664, 862 P.2d 664.) "`The presentation of evidence of past criminal conduct at a sentencing hearing does not place the defendant in jeopardy with respect to the past offenses. He is not on trial for the past offense, is not subject to conviction or punishment for the past offense, and may not claim ... double jeopardy protection against introduction of such evidence.' [Citations.]" (People v. Davis (1995) 10 Cal.4th 463, 533, 41 Cal.Rptr.2d 826, 896 P.2d 119, cert. den. (1996) 516 U.S. 1121, 116 S.Ct. 932, 133 L.Ed.2d 859, quoting People v. Visciotti, supra, 2 Cal.4th at p. 71, 5 Cal.Rptr.2d 495, 825 P.2d 388.) Similarly, "... one is not placed `twice in jeopardy for the same offense' when the details of misconduct which has already resulted in ... dismissal pursuant to a plea bargain... are presented in a later proceeding on the separate issue of the appropriate penalty for a subsequent offense. [Citation.]" (People v. Melton (1988) 44 Cal.3d 713, 756, fn. 17, 244 Cal. Rptr. 867, 750 P.2d 741, first italics added, cert. den. 488 U.S. 934, 109 S.Ct. 329, 102 L.Ed.2d 346.)
More recently, it has been broadly held that double jeopardy principles do not apply to the retrial of a sentencing allegation, even in the same prosecution. (Monge v. California (1998) 524 U.S. 721, 727-734, 118 S.Ct. 2246, 2250-2253, 141 L.Ed.2d 615; People v. Hernandez (1998) 19 Cal.4th 835, 838-843, 80 Cal.Rptr.2d 754, 968 P.2d 465, cert. den. (1999) ___ U.S. ____, 119 S.Ct. 1814, 143 L.Ed.2d 826, 831-845, 66 Cal.Rptr.2d 853, 941 P.2d 1121.) Thus, here, even if there had been a finding in the prior proceeding that Jackson did not personally use a firearm, double jeopardy would not bar proof, for purposes of sentencing in the current proceeding, that Jackson did personally use a firearm.
Collateral estoppel likewise does not apply, for two reasons. First, the personal firearm use allegation was dismissed; whether Jackson personally used a firearm was never "actually litigated." (See Schaefer/Karpf Productions v. CNA Ins. Companies (1998) 64 Cal.App.4th 1306, 1314, 76 Cal.Rptr.2d 42; see also Pen.Code, § 1387 [allowing one refiling of a felony prosecution dismissed pursuant to Pen.Code, §§ 995 or 1385].) Second, a judgment based on a guilty plea is not entitled to collateral estoppel effect. (People v. Fuentes (1986) 183 Cal.App.3d 444, 449-453, 237 Cal.Rptr. 465; People v. Camp (1970) 10 Cal.App.3d 651, 653-654, 89 Cal.Rptr. 242.)
As already noted, the fact that the prior offense was a serious felony need not have been pleaded or proved in the prior proceeding. Thus, even if there had been no allegation in the prior proceeding that Jackson personally used a firearm, the prosecution could still prove in the current proceeding that the prior conviction was a serious felony because Jackson personally used a firearm. (People v. Gonzales (1994) 29 Cal.App.4th 1684, 1699-1700, 35 Cal. Rptr.2d 450 [personal infliction of great bodily injury]; see also People v. Equarte, supra, 42 Cal.3d at pp. 462-65, 229 Cal. Rptr. 116, 722 P.2d 890.) Jackson's position therefore is that the prosecution, by alleging personal firearm use but not obtaining a finding of personal firearm use, is worse off than if it had done both or neither. This makes no sense.
People v. Leslie (1996) 47 Cal.App.4th 198, 54 Cal.Rptr.2d 545 is authority to the contrary. There, the defendant had been charged in a prior proceeding with grossly negligent discharge of a firearm (Pen. *141 Code, § 246.3). (Leslie, supra, at pp. 200-201, 54 Cal.Rptr.2d 545.) It was specially alleged that the offense was a serious felony within the meaning of Penal Code section 1192.7. The defendant pleaded guilty but did not admit the serious felony allegation, and the trial court did not make any finding on it. (Leslie, supra, at p. 203, 54 Cal.Rptr.2d 545.) In a later proceeding, the prior conviction was alleged as a "strike." The defendant's motion to set aside the "strike" was denied. (Id., at pp. 200-201, 54 Cal.Rptr.2d 545.) The defendant then pleaded no contest and admitted the "strike" allegation. (Id., at p. 201, 54 Cal.Rptr.2d 545.) On appeal, the defendant argued the serious felony allegation had, in essence, been dismissed, and this precluded use of the prior conviction as a "strike." (Id., at pp. 203-204, 54 Cal. Rptr.2d 545.)
The appellate court disagreed. It noted that, in the prior proceeding, the prosecution could have alleged that the charged offense was a serious felony; however, it was not required to do so. (See Pen.Code, § 969f.) "We do not find any language within the statute or the legislative history we have reviewed that would indicate any expression of intent by the Legislature that the failure to secure an admission to the serious felony allegation would preclude the People from forever raising the issue. Considering the purpose of the statute in a logical manner, there would be no reason to do so." (People v. Leslie, supra, 47 Cal.App.4th at pp. 204-205, 54 Cal.Rptr.2d 545.)
"[T]he district attorney was properly allowed during the proceedings of the current offense to prove that the prior offense was a serious felony. [Citations.] ... [U]nder the three strikes law, the trial court hearing the new case must `look backward to see if, at the time of the conviction of the past offense, such past offense qualified as a serious or violent offense under section 1192.7, subdivision (c) or section 667.5, subdivision (c).' That was done in the present situation. At the time of the no contest plea on the current offense, appellant admitted committing the prior offense and specifically admitted that he personally used a firearm. Therefore, the trial court properly found that the prior offense was a serious felony." (People v. Leslie, supra, 47 Cal.App.4th at p. 205, 54 Cal.Rptr.2d 545, quoting People v. Green (1995) 36 Cal.App.4th 280, 283, 42 Cal.Rptr.2d 249; see also People v. Shirley (1993) 18 Cal.App.4th 40, 47, 22 Cal. Rptr.2d 340 [fact that enhancement for personal infliction of great bodily injury was stricken in prior proceeding did not preclude finding that prior was serious felony based on personal infliction of great bodily injury].)
Jackson attempts to distinguish Leslie and Shirley on the ground that, in each case, the defendant had admitted the enhancement before it was stricken or dismissed. Jackson also relies on this court's decision in People v. Milosavljevic (1997) 56 Cal.App.4th 811, 65 Cal.Rptr.2d 562. There, in the prior proceeding, a great bodily injury enhancement had been found true, but it was then stayed. (Id., at pp. 813-815, 65 Cal.Rptr.2d 562.) On appeal, the defendant argued the stay precluded the use of the prior conviction as a serious felony. (Id., at pp. 815-816, 65 Cal.Rptr.2d 562.)
We disagreed. Quoting People v. Shirley, supra, we observed: "`"As appears in the case law, the terms `convicted' or `conviction' do not have a uniform or unambiguous meaning in California. Sometimes they are used in a narrow sense signifying a verdict or guilty plea, some other times they are given a broader scope so as to include both the jury verdict (or guilty plea) and the judgment pronounced thereon." [Citation.]'" (People v. Milosavljevic, supra, 56 Cal.App.4th at p. 816, 65 Cal.Rptr.2d 562, quoting People v. Shirley, supra, 18 Cal.App.4th at p. 46, 22 Cal. Rptr.2d 340, quoting Boyll v. State Personnel Board (1983) 146 Cal.App.3d 1070, 1073-1074, 194 Cal.Rptr. 717.)
*142 "`"In this context, i.e. statutes which impose more severe penalties for second and subsequent criminal offenses, `conviction' means the ascertainment of guilt, whether by plea or verdict." [Citation.] In the prior action, the court accepted the plea of guilt to assault with a deadly weapon, finding defendant did so voluntarily and with an understanding of the consequences. By the same token, the enhancement allegation, which is not a separate crime but serves to aggravate the principal offense, was admitted at the same time. The effect of the admission is the same as the plea of guilty for the purposes of collateral use to enhance subsequent, new crimes. [¶] Convicted by his plea of guilty and his admission, defendant may not now be exonerated by sentencing considerations in subsequent proceedings.'" (People v. Milosavljevic, supra, 56 Cal.App.4th at p. 816, 65 Cal.Rptr.2d 562, quoting People v. Shirley, supra, 18 Cal.App.4th at p. 46, 22 Cal.Rptr.2d 340, quoting People v. Rhoads (1990) 221 Cal.App.3d 56, 60-61, 270 Cal.Rptr. 266.) We concluded: "We agree with the Shirley analysis. Despite the original sentencing court's failure to impose a term for the section 12022.7 enhancement, the enhancement was still found to be true." (Milosavljevic, supra, at p. 817, 65 Cal.Rptr.2d 562.)
Thus, we held a prior true finding or admission was a sufficient basis for finding a prior serious felony "conviction." However, we in no way held a prior true finding or admission was necessary. In Milosavljevic, the only evidence that the defendant had in fact personally inflicted great bodily injury was the true finding. We held that the evidentiary effect of this true finding was not negated by the subsequent stay of the enhancement. Similarly, in Leslie the only evidence that the defendant had in fact personally used a firearm was his admission in the prior proceeding. The appellate court held the evidentiary effect of this admission was not negated by the failure to make any finding on the personal firearm use enhancement. But the prosecution is not required to prove personal firearm use by means of a prior true finding or admission. It may introduce other evidence of personal firearm use. That is precisely what the prosecution did here. The fact that the personal firearm use allegation in the prior proceeding had been stricken did not preclude it from doing so.
Jackson therefore finally argues there was insufficient evidence that he personally used a firearm in the commission of the prior. "[I]n determining the truth of a prior-conviction allegation, the trier of fact may look to the entire record of the conviction." (People v. Guerrero (1988) 44 Cal.3d 343, 345, 243 Cal.Rptr. 688, 748 P.2d 1150.) The offense of shooting at an occupied motor vehicle can be committed without personally using a firearm  e.g., when the defendant has aided and abetted the shooter. (People v. Piper, supra, 42 Cal.3d at pp. 475-476, 229 Cal.Rptr. 125, 722 P.2d 899.) We must therefore determine whether the record of the prior conviction contained sufficient evidence that Jackson personally used a firearm.
The transcript of the preliminary hearing is part of the record of the conviction. (People v. Reed (1996) 13 Cal.4th 217, 223, 52 Cal.Rptr.2d 106, 914 P.2d 184, cert. den. 519 U.S. 873, 117 S.Ct. 191, 136 L.Ed.2d 128.) Here, the witnesses who testified at the preliminary hearing were all percipient witnesses. Also, Jackson eventually pleaded guilty. Therefore, the transcript was admissible to prove the conduct underlying the conviction. (Id., at pp. 223-229, 52 Cal.Rptr.2d 106, 914 P.2d 184; cf. People v. Houck (1998) 66 Cal.App.4th 350, 355-357, 77 Cal. Rptr.2d 837 [preliminary hearing transcript not admissible to prove conduct underlying jury conviction]; People v. Best (1997) 56 Cal.App.4th 41, 43-6, 64 Cal. Rptr.2d 809 [preliminary hearing transcript of police officer's hearsay testimony pursuant to Proposition 115 not admissible].) In any event, Jackson did not object *143 to admission of the preliminary hearing transcript. Thus, he has waived any potential evidentiary objection. (Evid.Code, § 353, subd. (a).) We summarize the facts as shown by the transcript.
Brian Robson was driving his car on the I-91 freeway. Victor Gomez was his passenger. Jackson was driving a car to their right. There was a second man in Jackson's car. Jackson indicated Robson should pull over. Instead, Robson accelerated.
Jackson drove ahead, then swerved toward Robson's car, as if to cut it off. He stuck a gun out the driver's side window. According to Robson, he pointed it forward, in the direction both cars were going. According to Gomez, however, he pointed it at them. He yelled, "Get out of the fucking car."
Both Robson and Gomez heard a gunshot; Gomez also heard a hissing sound. At the time, Jackson's car was behind and a little to the right of I Robson's car. Eventually, Robson pulled off the freeway. Jackson was still behind him. Robson stopped at a Mobil station and called police. Jackson pulled into a Chevron station across the street and got out; smoke was coming from his engine.
When the police searched Jackson's car, they found a gun hidden in the air cleaner housing inside the engine compartment. It was loaded with three or four bullets; it could hold six or seven bullets. No shell casings were found in the car. The next day, Robson found a hole in his tailpipe, facing down. When he had looked at his tailpipe two weeks earlier, there had been no hole.
We believe this constituted substantial evidence that Jackson personally used a firearm. It is no great leap from the fact that he was seen holding the gun to the conclusion that he was the one who fired the gun. Moreover, he was the main actor in trying to get Robson to pull over. Although Jackson had a passenger, there was no evidence the passenger had his own gun. Only one gun was found in the car. When the shot was fired, Jackson's car was behind and a little to the right of Robson's car; Jackson had a clear shot, but his passenger did not.
We therefore conclude there was substantial evidence that Jackson's prior conviction was a serious felony.[11]

IX

RESTITUTION ISSUES
Defendants contend the trial court imposed an excessive restitution fine. They also contend the trial court erred by imposing both a restitution fine and direct victim restitution. The People's rather anemic response is that defendants waived these contentions by failing to object at sentencing.

*144 A. Factual and Procedural Background.

The probation reports recommended a restitution fine of $20,000 as to each defendant. They noted that the victims' families had incurred expenses totaling $7,663.08, and they recommended an order for direct victim restitution in this amount.
Blackburn was sentenced on August 28, 1997. The trial court imposed a restitution fine of $20,000, and direct victim restitution of $7,663.08.
Jackson was sentenced on January 30, 1998. The trial court imposed a restitution fine of $10,000, and direct victim restitution of $7,663.08.
Neither defendant objected to the restitution orders.

B. Analysis.

The statutes governing criminal restitution have been amended so frequently that great care is required in determining which statute applies. Here, the relevant statute clearly is Penal Code section 1202.4. Admittedly, somewhat different versions of this statute were in effect when the crimes were committed (Stats.1995, ch. 313, § 5), when Blackburn was sentenced (Stats.1996, ch. 629, § 3), and when Jackson was sentenced (Stats.1997, ch. 527, § 4), and yet another version is in effect now (Stats.1998, ch. 587, § 5.5). The minor differences between these versions, however, do not appear significant for our purposes.
Under Penal Code section 1202.4, the trial court was required to impose a restitution fine. (Pen.Code, § 1202.4, subds. (a)(3)(A), (b)(1).) The amount of the restitution fine had to be "commensurate with the seriousness of the offense," but "not... less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000)...." (Pen.Code, § 1202.4, subd. (b)(1).) The trial court was also required to order direct restitution to the victims' families. (Pen.Code, § 1202.4, subds. (a)(3)(B), (f), (k).) This had to be "full restitution" for their "economic loss as a result of the defendant's conduct." (Pen. Code, § 1202.4, subds. (f), (g).) An order for direct victim restitution is "enforceable as if the order were a civil judgment." (Pen.Code, § 1202.4, subd. (a)(3)(B).)
Defendants did not waive thenpresent contentions by failing to raise them at sentencing. The objection and waiver rule applies to "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices." (People v. Scott (1994) 9 Cal.4th 331, 353, 36 Cal.Rptr.2d 627, 885 P.2d 1040.) It does not apply to claims that the sentence was "unauthorized." (Id., at p. 354, 36 Cal.Rptr.2d 627, 885 P.2d 1040.) "[A] sentence is generally `unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (Ibid.) Here, if defendants' contentions are correct, the trial court did not merely abuse its discretion in setting the restitution amounts; it imposed restitution in amounts that could not lawfully be imposed in this case under any circumstances. Such contentions are not waived by failure to object. (People v. Chambers (1998) 65 Cal.App.4th 819, 823, 76 Cal. Rptr.2d 732 [failure to object to imposition of two separate restitution fines is not a waiver]; In re Paul R. (1996) 42 Cal. App.4th 1582: 1590, 50 Cal.Rptr.2d 421 [failure to object to denial of offset for direct victim restitution is not a waiver]; People v. Sexton (1995) 33 Cal.App.4th 64, 69, 39 Cal.Rptr.2d 242 [failure to object to order for payment of restitution to victim's insurer is not a waiver].)
First, Blackburn contends the trial court erred by imposing a restitution fine on him in excess of $10,000. We agree. "[T]he maximum [restitution] fine that may be imposed in a criminal prosecution is $10,000 `regardless of the number of victims or counts involved.' [Citation.]" (People v. Ivans (1992) 2 Cal.App.4th 1654, 1667, 4 Cal.Rptr.2d 66 [decided under former *145 Gov.Code, § 13967], quoting People v. Sutton (1989) 212 Cal.App.3d 1254, 1259, 261 Cal.Rptr. 194; accord, People v. Blankenship (1989) 213 Cal.App.3d 992, 999, 262 Cal.Rptr. 141 [same].) We will modify the judgment so as to reduce the restitution fine imposed on Blackburn to $10,000.
Second, both defendants contend the trial court was required to offset the amount of direct victim restitution against the restitution fine. We disagree. This was the law under former Government Code section 13967. (People v. Kwolek (1995) 40 Cal.App.4th 1521, 1536, 48 Cal. Rptr.2d 325; People v. Forshay (1995) 39 Cal.App.4th 686, 690, 46 Cal.Rptr.2d 116; People v. Franco (1993) 19 Cal.App.4th 175, 186, fn. 18, 23 Cal.Rptr.2d 475; People v. Zito (1992) 8 Cal.App.4th 736, 743, 10 Cal.Rptr.2d 491; People v. Cotter (1992) 6 Cal.App.4th 1671, 1673-1677, 8 Cal.Rptr.2d 606.) The cases so holding, however, reasoned that Government Code section 13967 only allowed direct victim restitution "in lieu of imposing all or a portion of the restitution fine...." (People v. Kwolek, supra, at p. 1536, 48 Cal.Rptr.2d 325; People v. Zito, supra, at p. 743, 10 Cal.Rptr.2d 491; People v. Cotter, supra, at pp. 1674-1677, 8 Cal.Rptr.2d 606; see former Gov. Code, § 13967, subd. (c), as amended by Stats.1992, ch. 682, § 4, p. 2922.)
In 1994, all criminal restitution provisions, including the "in lieu of language, were deleted from Government Code section 13967 (Stats.1994, ch. 1106, § 2) and added to Penal Code section 1202.4 (Stats.1994, ch. 1106, § 3). In 1995, however, the "in lieu of language was deleted from Penal Code section 1202.4. (Stats 1995, ch. 313, § 5.) The statute, both before and after this amendment, provides: (1) "the court shall require that the defendant make restitution to the victim or victims" (Pen.Code, § 1202.4, subd. (f)); and (2) "the court shall impose a separate and additional restitution fine" (Pen.Code, § 1202.4, subd. (b)). We find no basis in this statutory language for offsetting the amount of direct victim restitution against the amount of the restitution fine.
"We presume the Legislature intends to change the meaning of a law when it alters the statutory language [citation], as for example when it deletes express provisions of the prior version [citation]. Because the Legislature is presumed aware of prior judicial constructions of a statute, the inference of altered intent is particularly compelling when, as in this case, the omitted word or phrase was significant to such a construction. [Citation.]" (Dix v. Superior Court (1991) 53 Cal.3d 442, 461-62, 279 Cal.Rptr. 834, 807 P.2d 1063.) We also note that the Legislature's stated intent was to "add provisions relating to the criteria used to set the restitution fine" and to "revise and recast provisions relating to the imposition of restitution...." (Legis. Counsel's Dig., Assem. Bill No. 817, 5 Stats. 1995 (Reg.Sess.), Summary Dig, p. 1532.) We can only conclude the Legislature intended to eliminate the previous offset requirement.
Third and finally, defendants argue the orders requiring each of them to pay direct victim restitution in the same amounts will result in unjust enrichment. Jackson, in particular, argues the order that Blackburn pay direct victim restitution already constituted full compensation. "Therefore, Mr. Jackson respectfully requests that the direct restitution be stayed pending Mr. Blackburn's demise or having met the payment requirements."
The trial court had the authority to order direct victim restitution paid by both defendants jointly and severally. (People v. Madrana (1997) 55 Cal.App.4th 1044, 1049-1052, 64 Cal.Rptr.2d 518; People v. Arnold (1994) 27 Cal.App.4th 1096, 1098-1100, 33 Cal.Rptr.2d 35 [decided under former Gov.Code, § 13967]; People v. Zito, supra, 8 Cal.App.4th at pp. 743-746, 10 Cal.Rptr.2d 491 [same].) It seems glaringly obvious that is what it did here. In this light, there is no double recovery; nor *146 is Jackson entitled to have Blackburn's restitution obligation credited against his. Of course, each defendant is entitled to a credit for any actual payments by the other. To make sure this is clear (though out of an excess of caution), we will modify the judgment so as to provide expressly that the direct victim restitution ordered is joint and several.

X

DISPOSITION
The judgment against Blackburn is hereby modified so as to reduce the restitution fine to $10,000. The judgments against both Blackburn and Jackson are hereby modified so as to provide expressly that defendants are jointly and severally liable for the direct victim restitution. The judgments as modified are affirmed. The trial court is directed to amend the abstracts of judgment to reflect these modifications and to forward certified copies of the amended abstracts to the Department of Corrections. (Pen.Code, §§ 1213, 1216.)
RAMIREZ, P.J., and HOLLENHORST, J., concur.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I, II, III, IV, V, VI, and VII.
[**] See footnote *, ante.
[9] The prior could also qualify as a "strike" under Penal Code section 667.5, subdivision (c)(8), which defines a "violent felony" as "any felony in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5, 12022.53, or 12022.55."

This has been construed to require personal firearm use. (People v. Piper (1986) 42 Cal.3d 471, 478, 229 Cal.Rptr. 125, 722 P.2d 899.) Thus, if defendant did not personally use a firearm, the prior was not a "strike" under either Penal Code section 667.5 or section 1192.7. If defendant did personally use a firearm, the prior was a "strike" under Penal Code section 1192.7. It follows that we need not consider whether the firearm use was properly "charged and proved as provided in Section 12022.5" such that the prior was a "strike" under Penal Code section 667.5.
[10] Actually, it is quite possible the prosecution and the trial court simply overlooked the rule against plea bargaining.

Both Jackson and the People agree the trial court lacked the power to strike the personal firearm use allegation. (People v. Thomas (1992) 4 Cal.4th 206, 209-214, 14 Cal.Rptr.2d 174, 841 P.2d 159; see also Stats. 1997, ch. 750, § 9.) Nevertheless, the trial court did strike the allegation, apparently by mistake. If the participants were mistaken regarding the trial court's power to strike, they may have been similarly mistaken regarding the propriety of the plea bargain in other respects.
[11] Jackson also argues that "the prior prison term was applied to each count, and it may only be applied once because it goes only to the nature of the offender rather than the nature of the offense. [Citation.] Thus, in any event, one prior prison term must be stricken."

This argument does not appear to apply in this case. Jackson's prior was alleged solely as a "strike." It was not alleged or found to be either a five-year prior serious felony conviction (see Pen.Code, § 667, subd. (a)(1)), or a one-year prior prison term enhancement (see Pen.Code, § 667.5, subd. (b)). The only enhancements alleged and found true  and hence the only enhancements imposed  were two one-year armed principal enhancements. (Pen.Code, § 12022, subd. (a)(1).) Thus, the trial court did not erroneously impose two separate enhancements based on the single prior. (See People v. Tassell (1984) 36 Cal.3d 77, 89-93, 201 Cal.Rptr. 567, 679 P.2d 1, overruled on other grounds in People v. Ewoldt (1994) 7 Cal.4th 380, 398-401, 27 Cal.Rptr.2d 646, 867 P.2d 757.) We do not understand defendant to be arguing the trial court erred by doubling the term on each of the two murder counts based on the single "strike" prior; but if he is, he is mistaken. (People v. McKee (1995) 36 Cal.App.4th 540, 546-548, 42 Cal.Rptr.2d 707, disapproved on other grounds in People v. Deloza (1998) 18 Cal.4th 585, 600, fn. 10, 76 Cal.Rptr.2d 255, 957 P.2d 945.)