Filed 7/10/14  P. v. Soja CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEANNE SOJA,<br><br>    Defendant and Appellant. | H039854<br>(Monterey County<br>Super. Ct. No. SS031482) |

In 2002, appellant Jeanne Soja and her two codefendants plead guilty to committing voluntary manslaughter, kidnapping, child endangerment, use of a deadly weapon, and sale of a controlled substance.  (Pen. Code, §§ 192, subd. (a), 207, subd. (a), 273(a), 12022, subd. (b); Health & Saf. Code, § 11379.)  The trial court sentenced appellant to 16 years in prison and imposed a restitution fine of $10,000 pursuant to Penal Code section 1202.4, subdivision (b)(2), an additional parole revocation fine of $10,000, which it suspended pursuant to Penal Code sections 1202.4, subdivision (b) and 1202.45, and a $20 court security fee pursuant to Penal Code section 1465.8, subdivision (a)(1).  Additionally, the court awarded victim restitution in the amount $2,779.04 to be paid equally, jointly and severally by each of the defendants.

On May 8, 2013, appellant filed a request to stay the victim restitution fine.  The basis for her request was that she has already paid more than a third of the victim restitution.  She asked that the court stay the victim restitution fine as to her, so that the

other codefendants can pay their portion, allowing her to start paying her other fines.  On May 16, 2013, the trial court denied the motion.  On June 27, 2013, appellant filed a timely notice of appeal and on July 5, 2013, the trial court granted the certificate of probable cause.

On appeal, we appointed counsel to represent appellant in this court.  Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) which states the case and the facts but raises no specific issues.  *Wende* review is only available in a first appeal of right.  (*People v. Serrano* (2012) 211 Cal.App.4th 496, 501 (*Serrano*).)  Because defendant's appeal is from an order after judgment on a motion to modify a restitution order, and not a first appeal of right, she is not entitled to *Wende* review.  (*Ibid.*)  Therefore, we will proceed with this appeal pursuant to the standard we enunciated in *Serrano*.

Pursuant to *Serrano,* on September 12, 2013, we notified appellant of her right to submit written argument in her own behalf within 30 days.  On October 15, 2013, we received a supplemental brief from appellant along with a copy of the reporter's transcript of her original sentencing hearing.[1]  In her letter, appellant contends that the trial court ordered victim restitution to be paid by the three codefendants "equally, jointly, and severally."  She contends that "By definition, 'equally' means in portions that are exactly the same; 'jointly' means in conjunction with; and 'severally' means to be tied to a group."  "Therefore," she concludes, "the court order by definition, literally means that the fine should be paid in equal parts together with the group of people."  Appellant misconstrues the meaning of 'jointly and severally.'  Contrary to her assertion that this means each defendant was liable *only* in equal parts, joint and several liability means that each defendant is *independently liable for the full amount* of the fine.  (See: *American Motorcycle Assn. v. Superior Court* (1978) 20 Cal.3d 578, 582-583, *superseded*

---

[1]  By order dated January 16, 2014, this court, on its own motion, augmented the record with the transcript attached to the appellant's supplemental brief.

2

*by statute on other grounds.)* The trial court had the authority to order direct victim restitution paid by all three defendants jointly and severally. (*People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1535.) Although she now feels that it is unfair that the other defendants have not paid as much as she has on this fine, her remedy for this imbalance is not an order staying the restitution fine. Therefore, we decline to retain the case.

The appellant having failed to raise any arguable issue on appeal, we dismiss the appeal. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

**DISPOSITION**

The appeal is dismissed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.

3