Filed 7/16/14  P. v. Gonzalez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058948 |
| v. | (Super.Ct.No. FVA022159) |
| LEANDRO GONZALEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Leandro Gonzalez filed a petition for resentencing pursuant to Penal Code section 1170.126.[1] The trial court denied the petition. On appeal,[2] defendant contends he was entitled to be resentenced on his count 1 offense because it was neither a serious nor violent felony. In addition, defendant argues the trial court erred in relying upon this court's opinion in case number E037855, from defendant's appeal of his original judgment,[3] in determining defendant was personally armed with a deadly weapon and, therefore, ineligible for resentencing with regard to his conviction for exhibiting a deadly weapon, a knife, to a police officer in order to resist arrest (§ 417.8). Defendant further maintains he was constitutionally entitled to a jury finding on whether he was personally armed with a deadly weapon and, therefore, ineligible for resentencing. We affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] We note the appealability of the denial of a section 1170.126 petition is currently being considered by the Supreme Court. (*Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [appealable].) Even if we were to conclude it was a nonappealable order, we could consider, in the interest of judicial economy and because of uncertainty in the law, that defendant's appeal is a petition for writ of habeas corpus or writ of mandate. (*Braziel v. Superior Court* (2014) 225 Cal.App.4th 933, 937 [treating appeal from denial of petition for resentencing as a petition for writ of mandate]; see *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus].) In any event, we will review the merits of defendant's appeal.

[3] On our own motion, we take judicial notice of the opinion in our case *People v. Gonzalez* (March 9, 2006, E037855) (nonpub. opn.). (Evid. Code § 451, subd. (a) [judicial notice may be taken of the decisional law of this state].)

FACTUAL AND PROCEDURAL HISTORY

The victim took a break from working at an adult bookstore on June 16, 2004, at approximately 3:00 a.m., when she saw defendant outside. Defendant had behaved disruptively on prior visits, so the victim told defendant he could not enter the bookstore; the vicitm threatened to call the police. Defendant told her he did not care if she called the police because he had just been released from jail. The victim reentered the store and called the police. When the police arrived, they searched defendant and returned him to his home.

Within an hour, defendant returned to the bookstore. The victim saw defendant outside the store. Defendant left, but returned shortly thereafter when the victim was standing in the doorway. Defendant was approximately 18 feet away from the victim when he started angrily yelling at her, pulled out a knife, pointed it at the victim, and moved toward her. When he came within six feet of her, the victim went back inside the store and called the police. After struggling with police, defendant was arrested.

The People charged defendant with exhibiting a deadly weapon, a knife, to a police officer in order to resist arrest (count 1; § 417.8) and assault with a deadly weapon (count 2; § 245, subd. (a)(1)). A jury convicted defendant of both counts. The People additionally alleged defendant had suffered two prior strike convictions for burglary and assault (former § 667, subd. (b)-(i), § 1170.12, subds. (a)-(d)). The trial court found both prior strike conviction allegations true.

Defense counsel moved to strike one or both of defendant's prior strike enhancements.[4] The trial court heard the motion on the date set for sentencing. The court noted, "The current offense[s] for which the defendant was convicted in this trial were . . . extremely violent and dangerous in that the defendant wielded a machete at the victim . . . and was very violent and aggressive in regards to presenting and brandishing that machete." The court further observed that defendant "advance[d] on officers with the machete to the point where, at least as [t]he Court heard the facts in this case, the defendant came, in this court's mind, dangerously close, [and] the egregiousness and the violence which was exhibited by the defendant in terms of pursuing and going forward with the machete after being told numerous times with the deputy's gun drawn at defendant to stop . . . came dangerously close to having been in a situation where the deputy was just short . . . of . . . shooting the defendant." The court found "defendant was armed with a weapon, was an active participant." The court denied defendant's *Romero* motion[5] and sentenced defendant to two consecutive terms of 25 years to life.

On January 7, 2013, defendant filed a petition for resentencing pursuant to section 1170.126 and a request for appointment of counsel. On January 24, 2013, the court appointed counsel for defendant and continued the matter for a hearing on defendant's eligibility for resentencing. On March 8, 2013, the court continued the matter to April 26, 2013. At the hearing, the court observed that "according to the statement of facts in

---

[4] The motion is not contained in the record on appeal.

[5] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

the Court of Appeal decision affirming the conviction, the defendant was approximately 18 feet from the victim." "Police arrived, and there was, basically, a fight with the officers. And he was arrested. [¶] So, it certainly seems like he was armed with a deadly weapon at the time. [¶] So, based on that, the Court finds that the defendant is statutorily ineligible for resentencing under [section] 1170.126, specifically, [section] 1170.126[, subdivision] (e)(2), which provides that if the defendant was armed with a deadly weapon at the time of the commission of the current commitment offense, the defendant is not eligible for resentencing." The court found defendant ineligible for resentencing and denied defendant's petition.

## DISCUSSION

A.     Defendant was ineligible for resentencing because he was contemporaneously convicted of a serious or violent felony.

Defendant contends he was eligible for resentencing on the count 1 offense because it was neither a serious nor violent felony. We disagree.

Section 1170.126 "provides a means whereby prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction." (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1286 (*Kaulick*).) "First, the court must determine whether the prisoner is eligible for resentencing; second, the court must determine whether resentencing would pose an unreasonable risk of danger to public safety; and third, if the prisoner is eligible and

5

resentencing would *not* pose an unreasonable risk of danger, the court must actually resentence the prisoner." (*Id*. at p. 1299, fn. omitted.)

"Any person serving an indeterminate term of life imprisonment . . . upon conviction . . . of a felony or felonies that are not defined as serious and/or violent . . . may file a petition for a recall of sentence . . . before the trial court that entered the judgment of conviction in his or her case, to request resentencing . . . ." (§ 1170.126, subd. (b).) As defendant agrees, under section 1170.126, subdivision (e)(2), an inmate is ineligible for resentencing if the record establishes his current sentence was imposed for any offense appearing in section 667, subdivision (e)(2)(C)(i)-(iii). (§ 667, subd. (e)(2)(C)(iii) ["During the commission of the current offense, the defendant . . . was armed with a . . . deadly weapon . . . ."].)

Section 1170.126 requires the superior court to "consider *all* current felonies in determining eligibility for recall of sentence." (*Braziel v. Superior Court* (2014) 225 Cal.App.4th 933 (*Braziel*).) "[A] defendant inmate is not eligible for recall of his sentence if *any* of the offenses for which he is serving a three strikes sentence is a serious and/or violent felony, even if one or more of those sentences are not serious and/or violent felonies" (*Id.* at p. 539.)

Here, defendant was convicted of assault with a deadly weapon, an offense that made defendant statutory ineligible for resentencing pursuant to section 1170.126. (§ 667, subd. (e)(2)(C)(iii).) Thus, regardless of whether defendant's conviction in count 1 was a serious or violent felony, the simultaneous judgment on count 2 made him ineligible for resentencing.

B.     The trial court properly relied upon this court's opinion in case No. E038755.

Assuming defendant could have been deemed eligible for resentencing on his count 1 offense despite his conviction in count 2 for assault with a deadly weapon, defendant contends the trial court erred in relying on this court's opinion from defendant's appeal of his initial judgment.  We disagree.

"The petition for a recall of sentence described in subdivision (b) shall specify all of the currently charged felonies, which resulted in the sentence . . . and shall also specify all of the prior convictions alleged and proved . . . ."  (§ 1170.126, subd. (d).)  A petitioner generally bears the burden of producing sufficient evidence to establish a prima facie case for the relief requested.  (See *In re Champion* (2014) 58 Cal.4th 965, 80 [defendant in petition for writ of habeas corpus "'bears a heavy burden initially to plead sufficient grounds for relief, and then later to *prove* them'"]); *In re D.P.* (2014) 225 Cal.App.4th 898, 903; *Regents of University of California v. Superior Court* (2013) 222 Cal.App.4th 383, 389; *People v. Hyung Joon Kim* (2009) 45 Cal.4th 1078, 1101 [defendant bears burden of producing evidence on petition for writ of coram nobis]; *In re Paul W.* (2007) 151 Cal.App.4th 37, 71 ["The petitioner has the burden of proving the factual contentions contained in the petition by a preponderance of the evidence"]; *In re Conservatorship of Christopher A.* (2006) 139 Cal.App.4th 604, 612 [petitioner for conservatorship has the burden of producing evidence]; *In re Lucas* (2004) 33 Cal.4th 682, 735 [defendant bears burden of producing evidence on petition for writ of habeas corpus].)

"'[A]ppellate opinions, in general, are part of the record of conviction that the trier of fact may consider in determining whether a conviction qualifies under the sentencing scheme at issue.' [Citation.]" (*People v. Trujillo* (2006) 40 Cal.4th 165, 180-181 (*Trujillo*), quoting *People v. Woodell* (1998) 17 Cal.4th 448, 457.) A court may look not only to the record of conviction for a particular crime when determining the facts underlying the offense for purposes of sentencing on a subsequent conviction, but to other records which contain sufficient procedural protections to ensure their reliability. (See *People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1526-1527, 1531-1532 [Fourth Dist., Div. Two] [preliminary hearing transcript on prior offenses supported determination prior conviction was a serious felony]; *Trujillo*, at pp. 177-180 [same]; *People v. White* (2014) 223 Cal.App.4th 512, 525 (*White*) [reliance on record of conviction including information, pretrial motion, and closing argument].)

Here, defendant neither attached any documentation regarding the record of the offenses for which he had been sentenced to indeterminate terms nor of the record of his prior strike convictions. It does not appear from the record that defendant produced any further such documentation at the hearing on his petition. Rather, it appears the trial court itself reviewed the opinion from defendant's appeal from his judgment. Thus, the trial court would have acted well within its discretion in denying defendant's petition solely on the basis that defendant failed to carry his burden of producing evidence to support the petition.

Nonetheless, the trial court's reliance on this court's opinion in defendant's appeal from his original judgment was proper. (*Trujillo*, *supra*, 40 Cal.4th at pp. 180-181;

8

*People v. Woodell*, *supra*, 17 Cal.4th at p. 457.)  In this case, the opinion clearly indicates defendant, himself, wielded the knife during both offenses.  There is no indication from the opinion or record of defendant's conviction that any other individual was involved in the offenses.  Thus, contrary to defendant's assertion, the record supports a finding defendant personally used a deadly weapon and was not an aider and abettor in the commission of the offenses.  Therefore, he was ineligible for resentencing because he was armed with a deadly weapon during his commission of both the offenses for which he was convicted.  (§ 667, subd. (e)(2)(C)(iii).)

Moreover, although it is not clear whether the trial court reviewed the hearing on defendant's *Romero* motion, that hearing is a part of the record in the instant appeal. That hearing is a part of defendant's record of conviction.  During that hearing, the trial court, which had presided over defendant's trial, clearly indicates that defendant advanced upon officers while wielding a machete during his commission of the count 1 offense.  The trial court made a finding that defendant was an "active participant" "armed with a weapon" and not an aider and abettor.  Thus, even if the trial court's reliance upon this court's opinion could be deemed insufficient to make a determination that defendant was personally armed with a deadly weapon during his commission of the count 1 offense, any error would be harmless under any standard because defendant's record of conviction clearly indicates he was personally armed.  Thus, again, the record supports the trial court's determination defendant was ineligible for resentencing because he was armed with a deadly weapon during his commission of both the offenses for which he

9

was convicted.  (§ 667, subd. (e)(2)(C)(iii).)  The trial court properly denied defendant's petition for resentencing.

        C.      Defendant did not have a right to a jury trial on the determination of his eligibility for resentencing.

Defendant contends he was entitled to a jury trial on the determination of whether he was eligible for resentencing.  In other words, defendant contends only a jury could constitutionally make the requisite finding he was personally armed with a deadly weapon in his commission of the count 1 offense.  We disagree.

"[T]he drafters of [section 1170.126] were well aware of the constitutional requirements of jury trials and proof beyond a reasonable doubt for factors which enhance sentences." (*Kaulick*, *supra*, 215 Cal.App.4th at p. 1303, fn. 26.)  "[T]he United States Supreme Court has already concluded that its opinions regarding a defendant's Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt do not apply to limits on downward sentence modifications due to intervening laws. [Citation.]" (*Id*. at p. 1304, citing *Dillon v. U.S.* (2010) 560 U.S. 817, 827-828.)  "The retrospective part of the Act is not constitutionally required, but an act of lenity on the part of the electorate.  It does not provide for wholesale resentencing of eligible petitioners.  Instead, it provides for a proceeding where the original sentence may be modified downward.  Any facts found at such a proceeding . . . do not implicate Sixth Amendment issues.  Thus, there is no constitutional requirement that the facts be established beyond a reasonable doubt." (*Kaulick,* at pp. 1304-1305.)

10

"Upon receiving a petition for recall of sentence under this section, *the court shall determine* whether the petitioner satisfies the criteria in subdivision (e)." (§ 1170.126, subd. (f), italics added; *White*, *supra*, 223 Cal.App.4th at p. 522, fn. 7.) In *White*, amicus and defense counsel raised the issue of whether "'any offense or conduct that disqualifies a petitioner from relief under [section 1170.126] must be "pled and proven" by the prosecution'" (*Id*. at pp. 519, 526.) The appellate court rejected the argument, finding the claim unavailing. (*Id*. at p. 526-527.) It reasoned the pleading and proof requirements in the statutory language governed only the prospective part of the reform act, not the retrospective part at issue in a section 1170.126 resentencing petition. (*White*, at p. 527.) The appellate court upheld the trial court's denial of the defendant's petition holding that "a trial court may deny section 1170.126 resentencing relief" when appropriate under the statute. (*Id.* at pp. 519 & 527.) Thus, the court itself may determine that a defendant is ineligible for resentencing based on a defendant's record of conviction. (*Id*. at p. 525 [trial court determination of ineligibility based, at least in part, on pretrial motion and closing argument].)

"*Apprendi*[6] and its progeny do not apply to a determination of eligibility for resentencing under [section 1170.126]." (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1039; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1060.) "A finding an inmate is not eligible for resentencing under section 1170.126 does not increase or aggravate that individual's sentence; rather, it leaves him or her subject to the sentence originally

---

**6** *Apprendi v. New Jersey* (2000) 530 U.S. 466.

11

imposed." (*Osuna*, at p. 1040; *Blakely*, at p. 1061.) A trial court's determination that a defendant is ineligible for resentencing pursuant to section 1170.126 does "not increase the penalty to which [a] defendant [is] already subject, but instead disqualifie[s] [a] defendant from an act of lenity on the part of the electorate to which [a] defendant was not constitutionally entitled." (*Osuna*, at p. 1040; *Blakely*, at p. 1062.)

"Because a determination of eligibility under section 1170.126 does not implicate the Sixth Amendment, a trial court need only find the existence of a disqualifying factor by a preponderance of the evidence. [Citations.]" (*People v. Osuna*, *supra*, 225 Cal.App.4th at p. 1040.) "Cases limiting consideration to the elements of the offense and evidence presented to the trier of fact do not constrain a court where, as here, the issue is eligibility for a lesser sentence than the one already properly imposed. Like facts invoked to limit the ability to earn conduct credits, facts invoked to render an inmate ineligible for downward resentencing do not increase the penalty for a crime beyond the statutory maximum, and so need not be pled or proved. [Citations.]" (*People v. Blakely*, *supra*, 225 Cal.App.4th at p. 1063, fn. omitted.) "[A] trial court determining eligibility for resentencing under [section 1170.126] is not limited to a consideration of the elements of the current offense and the evidence that was presented at the trial (or plea proceedings) at which the defendant was convicted. Rather, the court may examine relevant, reliable, admissible portions of the record of conviction to determine the existence or nonexistence of disqualifying factors. [Citation.]" (*Blakely*, at p. 1063.)

Here, defendant sought relief under the retrospective portion of the act which is the result of an act of lenity and, therefore, does not entitle defendant to a jury

determination of eligibility.  The trial court adequately reviewed defendant's record of conviction in determining defendant was ineligible for resentencing.  The trial court acted appropriately in rendering its own findings in denying defendant's petition.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


KING
       Acting P. J.


MILLER
       J.