[Crim. No. 11301. Fourth Dist., Div. One. Nov. 7, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
GEORGE HILTON GLOVER, Defendant and Appellant.

[Crim. No. 11690. Fourth Dist., Div. One. Nov. 7, 1980.]

In re GEORGE HILTON GLOVER on Habeas Corpus.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Jeffrey J. Stuetz, Deputy State Public Defender, for Defendant and Appellant and Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney Gen-

eral, Jay M. Bloom and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

COLOGNE, Acting P. J.—Defendant George Hilton Glover appeals his sentence to six months in jail after a jury found him guilty of battery (Pen. Code, § 242)[1] as a lesser included offense of the battery with serious bodily injury (§§ 242, 243) charged in the amended information.

Around 9 p.m. on September 20, 1978, in the family kitchen, Glover began an argument with his 14-year-old son Mario concerning Mario's eating habits. He then picked up a pair of scissors and threw them overhand at his son, inflicting a life-threatening cut in the femoral artery of Mario's thigh.

On his appeal, Glover makes two assertions, first that his case should be remanded to determine whether the prosecutor complied with section 273ab and considered him for "child abuse diversion" before initiating the criminal prosecution. Section 273ab reads: "(a) It is the intent of the Legislature that nothing in this section is intended to deprive a prosecuting attorney of the ability to prosecute persons suspected of violating any section of this code in which a minor is a victim of an act of abuse or neglect to the fullest extent of the law if the prosecuting attorney so chooses.

"(b) In lieu of prosecuting a person suspected of violating any section of this code in which a minor is a victim of an act of abuse or neglect when such person is referred to him or her by the local police or sheriff's department, the prosecuting attorney may refer that person to the county department in charge of public social services for counseling and such other services that the county department in charge of public social services deems necessary. The prosecuting attorney shall seek the advice of the county department in charge of public social services in determining whether or not to make the referral."

As Glover acknowledges, the record on appeal contains no express indication whether the prosecutor exercised his discretion under the

---

[1] All section numbers refer to the Penal Code unless otherwise indicated.

section. There is, however, an indication arising by implication from the charges contained in the information not including a formal charge of child abuse (§ 273a).[2] Aside from the battery with serious bodily injury charge, Glover was charged with assault with a deadly weapon or by means of force likely to produce great bodily injury (§ 245, subd. (a)) and with having personally used a dangerous or deadly weapon (§ 12022, subd. (b)). Under the facts alleged, the formal child abuse charge pursuant to section 273a could have been made and we may assume, in support of the proceedings undertaken by the prosecutor below (see Evid. Code, § 664; Gov. Code, §§ 26500, 26501), he chose to prosecute Glover "to the fullest extent of the law" (§ 273ab, subd. (a)) by not only excluding the formal child abuse charge but also by electing not to refer Glover to the county department in charge of public social services.

In this connection, reconciling the permissive "may refer" language in subdivision (b) with the mandatory clause "shall seek the advice of" in the same subdivision, and consonant with the intent expressed in subdivision (a) not to interfere with the prosecutorial function, we construe the latter clause in subdivision (b) as having application only after the prosecutor has first decided the particular case deserved making the referral. Had the Legislature desired the seeking of advice mandatory in every case, it would have done so in more specific language or in a separate subdivision. That interpretation gives proper precedence to the prosecuting attorney, avoids burdening the county department with a study unless there is a likelihood a referral is to be made, and brings it into the picture if it is to have a role in treatment. Under the facts of this case, it was not error to fail to seek the advice of the county department in charge of public social services.

---

[2]Section 273a reads: "(1) Any person who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of such child to be injured, or willfully causes or permits such child to be placed in such situation that its person or health is endangered, is punishable by imprisonment in the county jail not exceeding one year, or in the state prison.

"(2) Any person who, under circumstances or conditions other than those likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of such child to be injured, or willfully causes or permits such child to be placed in such situation that its person or health may be endangered, is guilty of a misdemeanor."

The prosecutor may freely exercise discretion to determine what, if any, criminal charges should be brought against particular individuals and it is improper for the courts to interfere with the exercise of that discretion (*Daly* v. *Superior Court* (1977) 19 Cal.3d 132, 148-149 [137 Cal.Rptr. 14, 560 P.2d 1193], and cases cited).

In the light of these rules and the factual context here, Glover's request for a remand to determine whether there was compliance with section 273ab must be rejected.

■ Glover next contends he is entitled to a new sentencing hearing because the trial court used a probation report not containing the results of a presentence psychological examination, thus violating section 1203h. Section 1203h provides: "If the court initiates an investigation pursuant to subdivision (a) or (d) of Section 1203 and the convicted person was convicted of violating any section of this code in which a minor is a victim of an act of abuse or neglect, then the investigation shall include a psychological evaluation to determine the extent of counseling necessary for successful rehabilitation and which may be mandated by the court during the term of probation. Such evaluation may be performed by psychiatrists, psychologists, or licensed clinical social workers. The results of the examination shall be included in the probation officer's report to the court."

The record here does not reveal whether Glover was examined as described in section 1203h. All we can conclude in this regard is the probation report does not contain the results of such an examination as required by the last sentence of the section. In the absence of a clear record disclosing compliance, we must remand for resentencing in accordance with the law.

The more specific role of the judiciary, as opposed to that of the prosecuting attorney, in handling child abuse cases arises at the time of probation investigation of the offender. Under section 1203h, the probation report of an eligible individual *must* include a psychological evaluation "*to determine the extent of counseling necessary for successful rehabilitation.*" (Italics added.) Although the court retains its unmitigated discretion as to the propriety of granting probation and the conditions attached thereto, it is required to have a psychological evaluation included as part of its probation report. That was absent here.

The purpose in requiring the psychological evaluation as part of the probation report is to inform and guide the judge as to what sort of rehabilitative counseling "may be mandated by the court during the term of probation." (§ 1203h.) The Legislature has insisted upon a psychological evaluation, in addition to the usual procedures followed when probation is under consideration, as a means of effectuating its statutory scheme to rehabilitate child abusers. It is quite apparent that the Legislature believed a psychological evaluation could significantly affect a court's propensity to grant probation or its choice of probationary conditions. In the present case, Glover was *not* offered straight probation or any counseling for the rehabilitation of child abusers. He was only offered "probation with some time in custody."

Glover's anxiety at the time may have influenced his reaction in declining probation, especially since from the beginning of the trial he considered the issues at trial as a "family thing." Statements of his apparent disinterest in treatment programs are neutralized by the fact that he had participated in Alcoholics Anonymous and had gone regularly to the mental health center between the time of judgment and the imposition of sentence (four weeks). In fact, he appears to be asking for counseling in lieu of jail when he says: "I talked to this woman, I saw her about 10 or 15 minutes and I read what she said. Give me six months. I don't know what—I'm going to AA, I'm going to Mental Health Center, I'm trying to help myself. I have been trying to help my kids. I don't know what they are talking about."

The convicted child abuser's right to a complete probation report is no less important than the right to a *current* report (*People v. Rojas* (1962) 57 Cal.2d 676, 683 [21 Cal.Rptr. 564, 371 P.2d 300]) or a *corrected* report (*In re Bartges* (1955) 44 Cal.2d 241, 247 [282 P.2d 47]), especially when the omitted data is specifically required by statute. Inclusion of the psychological evaluation in the probation officer's report is an essential element of the court's sentencing process.

Judgment of conviction is affirmed, but the matter is remanded to the superior court for resentencing in accordance with the provisions of Penal Code section 1203h. The issues in the petition for a writ of habeas corpus being resolved on the appeal, the petition for a writ of habeas corpus is denied.

Staniforth, J., and Wiener, J., concurred.

Petitioner's application for a hearing by the Supreme Court in No. 11690 was denied January 14, 1981. Bird, C. J., was of the opinion that the application should be granted.