[No. F020177. Fifth Dist. Dec. 16, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
BALWINDER SINGH TUNG, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

---

†Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of Facts and parts I and II of Discussion.

## COUNSEL

Katherine Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael J. Weinberger and Garrick W. Chock, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THAXTER, J.**—A jury convicted defendant and appellant Balwinder Singh Tung of four felonies, including one count of attempted murder, and one misdemeanor. The jury also found various enhancement allegations were true.[1] Appellant was sentenced to a prison term of life plus four years.[2]

Appellant raises three issues here. First, he claims his conviction for attempted murder must be reversed because the trial court erroneously excluded offered expert witness testimony on the relationship between alcoholic intoxication and formation of the specific intent to kill. Second, he contends he received ineffective assistance of trial counsel because his attorney withdrew a potentially meritorious defense by failing to present expert testimony that appellant suffered from an alcohol-induced mental disease or defect. Finally, he argues the trial court erroneously granted the prosecution's motion to vacate appellant's plea entered pursuant to a plea agreement which the prosecution claimed was the result of mistake.

We will find no merit in any of appellant's contentions and will affirm the judgment.

### FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1]The convictions were for violating Penal Code sections 245, subdivision (a)(2) (assault with a firearm; count 1), 664/187 (attempted murder; count 2), 246.3 (grossly negligent discharge of a firearm; count 3), 242 (battery, a misdemeanor; count 4), and 459 (burglary; count 5). The verdicts on counts 1 and 3 included findings that at the time of the commission of the crime appellant attempted to use a deadly weapon upon a human being in the perpetration of the crime in violation of section 1203, subdivision (e)(2). The verdicts on counts 2 and 5 included findings that appellant personally used a firearm during the commission of the crime. Finally, in its verdict on count 2 the jury specifically found that the attempted murder was willful, deliberate, and premeditated. All statutory references are to the Penal Code unless otherwise indicated.

[2]The indeterminate life term sentence was imposed on count 2, and the court imposed the midterm of four years for the enhancement on that count pursuant to section 12022.5. The court imposed a 90-day concurrent sentence on count 4. Sentences on the other counts were stayed pursuant to section 654.

*See footnote, *ante,* page 1607.

DISCUSSION

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

III. *The Trial Court Did Not Err in Granting the Prosecution Motion to Vacate the Original Plea Agreement*

On April 21, 1992, appellant appeared in court desiring to enter into a plea agreement offered by the prosecution. At the hearing, the terms of the agreement were put on the record by defense counsel: appellant would plead no contest to count 1, assault with a deadly weapon, with the other counts dismissed.

The People were represented at the hearing by Deputy District Attorney Thomas Cooke who informed the court that he did not have the case file and was unfamiliar with the plea agreement negotiations which had been handled by another deputy, Robert Prentiss. Cooke requested a short recess to confer with Prentiss, and apparently after doing so informed the court that the People's offer was as stated by defense counsel. Appellant's no contest plea to count 1 was entered and the court dismissed the other counts on the prosecutor's motion.

Prior to sentencing, the district attorney's office filed notice of a motion to vacate the plea. The stated reasons were, first, that Prentiss had erroneously assumed that count 1 was the attempted murder charge,[8] and second, that the case did not "fall within any of the exceptions to the prohibition against plea bargains set forth in Penal Code section 1192.7." Appellant filed written opposition to the motion.

After considering the briefs and hearing argument, the court granted the prosecution motion, finding that the bargain violated section 1192.7 and that the prosecution was not estopped from bringing the motion. The information was reinstated.

 Appellant argues in this court that "the unilateral mistake made by the prosecutor should not be imputed to appellant and, according to basic contract law, the original plea should have been allowed to stand."

---

*See footnote, *ante*, page 1607.

[8]Prentiss explained that count 1 in the complaint filed in the Merced Municipal Court charged appellant with attempted murder, but when the information was filed in superior court, count 1 charged assault with a deadly weapon and count 2 alleged attempted murder. When he made the plea bargain offer, Prentiss meant to propose a plea to the attempted murder charge but he mistakenly referred to count 1 because of the designation of counts in the complaint. He did not realize his mistake until after the offer was accepted.

Significantly, "unilateral mistake" was not the grounds relied on by the trial court. The sole basis given by the court for vacating the plea was the fact that the plea bargain violated section 1192.7.

The trial court has "broad discretion to withdraw its prior approval of a negotiated plea." (*People* v. *Johnson* (1974) 10 Cal.3d 868, 873 [112 Cal.Rptr. 556, 519 P.2d 604]; see *People* v. *Mancheno* (1982) 32 Cal.3d 855, 862 [187 Cal.Rptr. 441, 654 P.2d 211]; *People* v. *Stringham* (1988) 206 Cal.App.3d 184, 194 [253 Cal.Rptr. 484].) It may do so if, after further consideration, it concludes that the bargain is not in the best interests of society, or upon becoming more fully informed about the case. (*Stringham*, *supra*, 206 Cal.App.3d at p. 194.) "A change of the court's mind is thus always a possibility." (*Ibid.*)

In the instant case, the court had a manifest reason for exercising its discretion in disapproving the plea agreement: the agreement was entered into in violation of section 1192.7. That section provides in pertinent part:

"(a) Plea bargaining in any case in which the indictment or information charges any serious felony . . . is prohibited, unless there is insufficient evidence to prove the people's case, or testimony of a material witness cannot be obtained, or a reduction or dismissal would not result in a substantial change in sentence.

" · . . . . . . . . . . . . . . . . . . . . . . . . . .

"(c) As used in this section, 'serious felony' means any of the following:

". . . (7) any felony punishable by death or imprisonment in the state prison for life; (8) any other felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm; (9) attempted murder; . . . (18) burglary of an inhabited dwelling house . . . ." Implicit in this statute is the requirement that the court make a finding on one of the alternative bases for permitting a bargain. Only the third (no substantial change in sentence) could be arrived at by the court without the cooperation of the prosecution.

Here, when the negotiated plea was entered, the prosecutor made no showing, and the court made no finding, that a material witness was unavailable or that there was insufficient evidence to prove the prosecution's case.

The plea agreement here would have resulted in a "substantial change in sentence." Had the agreement been enforced below, appellant could have

been sentenced to as little as six months' jail time, and at most four years of imprisonment. (§ 245, subd. (a)(2).) The sentence to which he was subject, and in fact received, following conviction on counts which would have been dismissed under the bargain, was life plus four years.

It is thus manifest that the lower court was correct in finding that the plea agreement violated the terms of section 1192.7. The order vacating the plea agreement was not error or an abuse of discretion.

Because the record in this case reflects a practice of some courts and prosecutors which we see with increasing regularity, we feel impelled to make some additional observations.

Section 1192.7 was added by an initiative measure (Prop. 8) approved by the people on June 8, 1982. (Stats. 1982, § 7, p. A-189.) The electorate's obvious purpose in enacting the measure was to place limitations on plea bargaining in serious felony cases. Unless trial courts require the parties to justify agreements they make in such cases, the statute's purpose may be ill-served. Prosecutors may be free to bargain away serious felony charges even when there is sufficient evidence to prove the case, testimony of material witnesses is available, and reduction or dismissal would result in a substantial change in sentence. In such cases defendants are not likely to complain,[9] and the public may not learn of, or have any opportunity to protest, a bargain which is statutorily prohibited. Additionally, failure to make a proper record may give the prosecution an opportunity to "pull the string" on a plea agreement any time prior to sentencing simply by asserting the violation of section 1192.7.[10]

There is a simple way to avoid such sticky situations. If trial courts, prosecutors, and defense counsel will recognize and respect the provisions of section 1192.7 and make a record showing that one of the statutory exceptions to the prohibition on plea bargaining applies, the electorate's purpose in enacting the statute will have been satisfied and the bargains will not be capable of being easily undone. In the case before us it appears likely that if the statute had been addressed before the plea was accepted, the prosecutor's mistaken belief would have been exposed and the offer withdrawn. That would have obviated the motion to vacate plea and the raising of this issue on appeal.

---

[9] In fact, a defendant who enters into a plea bargain may be estopped from attacking his conviction on grounds the bargain violated section 1192.7. (See *People* v. *Webb* (1986) 186 Cal.App.3d 401, 412 [230 Cal.Rptr. 755].)

[10] We do not in any way suggest that the prosecution motion to vacate here was motivated by anything other than a good faith desire to rectify an honest mistake.

## DISPOSITION

Judgment affirmed.

Martin, Acting P. J., and Buckley, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 15, 1995.