[No. C034072. Third Dist. Aug. 29, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
PETER C. ANDREOTTI, Defendant and Appellant.

**COUNSEL**

Law Offices of Dennis A. Fischer, Dennis A. Fischer and John M. Bishop, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, W. Scott Thorpe and David A. Rhodes, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MORRISON, J.**—May a trial court defer entry of judgment for a child molester, absent the People's consent? No. Contrary to defendant's view, a statute precluding judges from doing so does not violate the separation of powers doctrine.

The People charged defendant with eight counts of child molestation, alleging substantial sexual conduct as to one count. (Pen. Code, §§ 288, subd. (a), 1203.066, subd. (a)(8); further section references are to this code.) He pleaded not guilty and asked for deferred entry of judgment, which the

People opposed. The trial court found defendant was eligible for deferral and was a suitable candidate, but that the court had no power to grant the request. Defendant pleaded guilty to one count and no contest to a second count, and admitted substantial sexual conduct. The trial court suspended imposition of sentence, granted probation, and issued a certificate of probable cause. Defendant appeals. We affirm.

The Penal Code provides for pretrial diversion or deferred entry of judgment for a number of types of offenders. (E.g., §§ 1000 [certain drug offenses], 1000.12 [child abuse and neglect], 1001.60 [bad check diversion].) Generally, a case which is diverted is either not filed at all, or is suspended, pending the accused's completion or failure to complete a rehabilitation program tailored to the particular problem. Generally, a case which is *deferred* is a case which has been filed, in which the defendant pleads guilty, but entry of judgment is postponed pending the criminal's completion or failure to complete a tailored rehabilitation program. (Cf. § 1000.5 [permitting drug court programs which do not require a guilty plea].) The Damoclean pressure provided by the plea gives the criminal a strong incentive to comply with the program.

Section 1000.12 provides as follows:

"(a) It is the intent of the Legislature that nothing in this chapter deprive a prosecuting attorney of the ability to prosecute any person who is suspected of committing any crime in which a minor is a victim of an act of molestation, abuse, or neglect to the fullest extent of the law, if the prosecuting attorney so chooses.

"(b) Except as provided in subdivision (c), in lieu of prosecuting a person suspected of committing any crime, involving a minor victim, of an act of abuse or neglect, the prosecuting attorney may refer that person to the county department in charge of public social services or the probation department for counseling or psychological treatment and such other services as the department deems necessary. The prosecuting attorney shall seek the advice of the county department in charge of public social services or the probation department in determining whether or not to make the referral.

"(c)(1) In lieu of trial, the prosecuting attorney may make a motion to the trial court to defer entry of judgment with respect to any crime charged in which a minor is a victim of an act of molestation or sexual abuse, provided that the defendant pleads guilty to all crimes and enhancements charged. Upon that motion and defendant's plea of guilty to all charges and enhancements, the court may defer entry of judgment, contingent upon the defendant's referral to, and completion of, a treatment program approved by the

prosecuting attorney. Upon the defendant's successful completion of the treatment program, and upon the positive recommendation of the treatment program authority and the motion of the prosecuting attorney, but no sooner than five years from the date of the defendant's referral to the treatment program, the court shall dismiss the charge or charges against the defendant.

"(2) Upon any failure of treatment under the program described in paragraph (1), the prosecuting attorney may make a motion to the court for entry of judgment and the court shall, upon a finding of failure of treatment based on a preponderance of evidence, enter judgment upon the defendant's pleas and admissions, and schedule a sentencing hearing as otherwise provided in this code.

"(3) The office of the prosecuting attorney shall promulgate eligibility standards for deferred entry of judgment and treatment of defendants described in paragraph (1), which shall include, but not be limited to [listing criteria, such as best interests of the victim, no prior offenses, etc.]. [¶] . . . [¶]

"(4) Deferred entry of judgment shall be granted upon the following terms [listing conditions, including counseling, abstention from substance abuse, etc.]." (§ 1000.12.)

As stated, the trial court found defendant eligible and "suitable" for deferral, and defendant presumably would have pleaded guilty to all charges and met all other conditions of this section, had the People offered him that choice.

■■■ Although the Legislature intended that this provision could not be used to "deprive a prosecuting attorney of the ability to prosecute any person . . . if the prosecuting attorney so chooses" (§ 1000.12, subd. (a)), defendant maintains that because of the separation of powers doctrine the Legislature could not constitutionally prevent a trial court from invoking this provision even where, as here, the People wish to prosecute a defendant in the normal way. The People do not argue that this explicit legislative intent precludes a court from rewriting the statute so as to enable a trial court to impose its view of the case on the People, thus we need not delve into the murky realm of severability. (See, e.g., *People v. Navarro* (1972) 7 Cal.3d 248, 260-265 [102 Cal.Rptr. 137, 497 P.2d 481] *(Navarro)*; *People v. Superior Court (On Tai Ho)* (1974) 11 Cal.3d 59, 68 [113 Cal.Rptr. 21, 520 P.2d 405] *(On Tai Ho)*; cf. *id.* at pp. 68-69 (dis. opn. of Clark, J.); *People's Advocate, Inc. v. Superior Court* (1986) 181 Cal.App.3d 316, 330-333 [226 Cal.Rptr. 640].) Instead, they, too, point to the separation of powers doctrine

and maintain a trial court judge has no power to tell them how to plead and prosecute a criminal action. We agree with the People.

The California Supreme Court has recently emphasized the independence of the prosecutor, by endorsing a dissent by the late Justice Frank K. Richardson and abolishing a rule which had allowed a defendant to request instruction on uncharged offenses not embraced by the charged offenses: "Justice Richardson urged, among other things, that a rule allowing the defendant to obtain instructions on lesser uncharged and unincluded offenses interferes impermissibly 'with . . . the prosecutor's discretionary function to select the offenses of which the defendant may be charged and convicted.' " (*People v. Birks* (1998) 19 Cal.4th 108, 123 [77 Cal.Rptr.2d 848, 960 P.2d 1073] (*Birks*).) The court elaborated on this point later in the opinion: "The California Constitution (art. III, § 3) provides that '[t]he powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution.' [¶] It is well settled that the prosecuting authorities, exercising executive functions, ordinarily have the sole discretion to determine whom to charge with public offenses and what charges to bring. [Citations.] This prosecutorial discretion to choose, for each particular case, the actual charges from among those potentially available arises from ' "the complex considerations necessary for the effective and efficient administration of law enforcement." ' [Citations.] The prosecution's authority in this regard is founded, among other things, on the principle of separation of powers, and generally is not subject to supervision by the judicial branch." (*Birks, supra,* 19 Cal.4th at p. 134.)

 Here, of course, the nature of the charges is not at issue. The reasoning of *Birks,* however, leads us to conclude that the trial court properly declined to grant defendant's request for deferred entry of judgment absent a motion by the district attorney.

Although the cases are not always easy to reconcile, two companion cases by the California Supreme Court generally plumb the line between judicial power to dispose of charges and prosecutorial power to select and press charges. *On Tai Ho, supra,* 11 Cal.3d 59, and *Sledge v. Superior Court* (1974) 11 Cal.3d 70 [113 Cal.Rptr. 28, 520 P.2d 412] (*Sledge*) both involved separation of powers challenges to drug diversion schemes. That statutory scheme has been superseded by a deferred entry of judgment scheme, requiring a defendant to plead guilty. (See § 1000 et seq.; *Terry v. Superior Court* (1999) 73 Cal.App.4th 661, 663-664 [86 Cal.Rptr.2d 653] [discussing changes]; *People v. Perez* (1998) 68 Cal.App.4th 346, 350-352 [80 Cal.Rptr.2d 188] [more elaborate comparison].) However, discussion of the

former diversion scheme is necessary and helpful in this case. Generally, that scheme first required the prosecutor to perform a "preliminary screening" to determine if the defendant might be eligible for diversion (based on his prior criminal history and circumstances of the current offense). If the defendant passed this hurdle, the probation department would conduct a more thorough investigation of his suitability, which would be finally determined by the trial court after a hearing.

However, the former statute purported to allow the People to veto a trial court's decision at this second stage. (Former § 1000.2; Stats. 1972, ch. 1255, § 17, p. 2470 ["The defendant's case shall not be diverted unless the district attorney concurs with the court's determination"].) In *On Tai Ho*, the California Supreme Court found this prosecutorial veto over the trial court's decision transgressed the separation of powers doctrine. The court rejected the view that the decision to divert was solely an executive decision, as follows: "The People contend that the decision to divert is merely an extension of the charging process, and hence remains within the traditional zone of the district attorney's discretion. As we explained in *Esteybar* [*v. Municipal Court* (1971) 5 Cal.3d 119 [95 Cal.Rptr. 524, 485 P.2d 1140]], however, 'This argument overlooks the fact that the magistrate's determination *follows* the district attorney's decision to prosecute.' [Citation.] The statutory scheme is expressly declared applicable when and only when the case is 'before any court upon an accusatory pleading' (Pen. Code, § 1000, subd. (a)). By the time the case goes through the probation investigation and report prescribed in section 1000.1 and reaches the hearing mandated by section 1000.2, the prosecutorial die has long since been cast. The case is 'before the court' for disposition, and disposition is a function of the judicial power no matter what the outcome. [¶] We recognized this principle in [*People v. Tenorio* (1970) 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993]], observing that 'When the decision to prosecute has been made, the process which leads to acquittal or sentencing is fundamentally judicial in nature.' [Citation.] The People seek to distinguish the present case by asserting that a decision to divert results neither in the defendant's 'acquittal' nor his 'sentencing,' and that a district attorney's refusal to consent to diversion means only that the defendant will go to trial as charged. But this is reading *Tenorio* and the present statute too narrowly. [¶] The principle summarized in the quoted language from *Tenorio* is that when the jurisdiction of a court has been properly invoked by the filing of a criminal charge, the *disposition* of that charge becomes a judicial responsibility. It is true that acquittal or sentencing is the typical choice open to the court, but in appropriate cases it is not the only termination. With the development of more sophisticated responses to the wide range of antisocial behavior traditionally subsumed under the heading of 'crime,' alternative means of disposition have been

confided to the judiciary. The most commonly invoked, of course, is probation; and under the rule of [*People v. Clay* (1971) 18 Cal.App.3d 964 [96 Cal.Rptr. 213]], the decision to grant probation in the interests of justice is a judicial act within the meaning of the separation of powers doctrine. In turn, civil commitment to the narcotics addict rehabilitation program is a disposition which may be viewed as a specialized form of probation; under [*Navarro, supra,* 7 Cal.3d 248], it too is an exercise of the judicial power." (*On Tai Ho, supra,* 11 Cal.3d at pp. 65-66.)

Critical to the decision in *On Tai Ho* was the fact the trial court had to make a factual finding of the defendant's suitability (after the "preliminary screening" and probation report, and after a hearing). (*On Tai Ho, supra,* 11 Cal.3d at pp. 66-67.) To allow the People to set the trial court's finding at naught would emasculate the judicial power.

This procedural fact was absent in the companion case, *Sledge, supra,* 11 Cal.3d 70. *Sledge* involved a challenge to the "preliminary screening" step of the drug diversion program, done by the prosecutor. Sledge asked a court to order a "referral notwithstanding the district attorney's refusal to act. The court declined to consider the motion on the ground that section 1000 gives the district attorney sole authority to determine eligibility for the program in the first instance." (*Sledge, supra,* 11 Cal.3d at p. 73.) The California Supreme Court concluded "the district attorney's determination of eligibility under section 1000 is not a judicial act." (*Ibid.*) The information needed to make the eligibility determination (criminal history; facts of current offense) was, prior to trial, in the hands of the People. (*Id.* at pp. 73-74.) Further, "In *On Tai Ho* . . . we emphasize that at the formal diversion hearing mandated by section 1000.2 the trial court is called upon to 'consider' the evidence submitted—i.e., to weigh its materiality, relevance, credibility, and persuasiveness, and to decide whether, in the judgment of the court, the evidence justifies the conclusion that the defendant would be benefited by diversion into a program of education, treatment, or rehabilitation. These, we hold, are judicial acts. [Citation.] By contrast, in discharging his duties under section 1000 the district attorney need not decide what facts are material and relevant to eligibility, as the Legislature has specified them in the statute. Credibility is not an issue when the information is obtained from official records and reports. And the statute leaves no room for weighing the effect of the facts: if for example the defendant has a prior narcotics conviction, subsection (1) of subdivision (a) of the statute automatically excludes him from the program. There is no provision here, as there was in the statutes considered in *People v. Navarro*[*, supra,*] 7 Cal.3d 248 . . . , and *People v. Clay*[*, supra,*] 18 Cal.App.3d 964 . . . , for the exercise of judicial discretion to admit an otherwise ineligible defendant to the program 'in the

interests of justice,' and therefore no risk of arbitrary prosecutorial refusal to concur in that decision." (*Sledge, supra,* 11 Cal.3d at p. 74.) In short, "the preliminary screening for eligibility conducted by the district attorney pursuant to section 1000, based on information peculiarly within his knowledge and in accordance with standards prescribed by the statute, does not constitute an exercise of judicial authority and hence does not violate the constitutional requirement of separation of powers." (*Id.* at p. 76.)

In *Sledge,* the court did observe that the "preliminary screening" determination was subject to review on appeal from a judgment of conviction. (*Sledge, supra,* 11 Cal.3d at pp. 75-76 and fns. 5, 6; see *People v. Brackett* (1994) 25 Cal.App.4th 488 [30 Cal.Rptr.2d 557].) In this case, the record contains substantial evidence that the People declined to invoke the deferral option, not because defendant failed to meet standards promulgated by the Placer County District Attorney, but instead because the prosecutor did not approve of the statute: "Nobody should get it because the offenses are too serious." "Sexually abusing a child is too serious a crime for that to be allowed. [¶] In situations where the case is too weak . . . . I've had cases where I do that[.]" If "as the case develops, it gets to the point that it's so weak that the odds of conviction are slim, and the only option left is to agree for the person to be [deferred.]" The statute explicitly allows the prosecutor to decline to adhere to guidelines in a given case: "It is the intent of the Legislature that nothing in this chapter deprive a prosecuting attorney of the ability to prosecute any person who is suspected of committing any crime in which a minor is a victim of an act of molestation, abuse, or neglect to the fullest extent of the law, if the prosecuting attorney so chooses." (§ 1000.12, subd. (a).) Any court review of such decision would itself raise a separation of powers problem, viz., a judicial veto over a prosecutorial decision. (See *People v. Glover* (1980) 111 Cal.App.3d 914, 916-918 [169 Cal.Rptr. 12], cited approvingly by *Davis v. Municipal Court* (1988) 46 Cal.3d 64, 77 [249 Cal.Rptr. 300, 757 P.2d 11].)

Defendant posits the following: To invoke the statute, he must plead guilty to all charges. Once he has done so, the disposition of those charges becomes a judicial function. (See, e.g., *People v. Tenorio, supra,* 3 Cal.3d at p. 94 ["When the decision to prosecute has been made, the process which leads to acquittal or to sentencing is fundamentally judicial in nature . . . . The judicial power is compromised when a judge, who believes that a charge should be dismissed in the interests of justice, wishes to exercise the power to dismiss but finds that before he may do so he must bargain with the prosecutor. The judicial power must be independent, and a judge should never be required to pay for its exercise"]; reapproved in *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 511-512 [53 Cal.Rptr.2d 789, 917

P.2d 628].) Therefore, if defendant opts to plead guilty to charges already filed, it is the judge who has the constitutional duty and power to determine whether deferral is appropriate in a given case.

While this theory has superficial appeal, we do not view the statute as does defendant.

First, the requirement that a defendant plead guilty to all charges no doubt originated because of or in deference to Proposition 8, section 7 of which prohibits plea bargaining in serious felony cases, including child molestation cases like this one. (Cal. Const., art. I, § 28, subd. (g); Pen. Code, §§ 288, subd. (a), 1192.7, subds. (a), (b).) This part of Proposition 8 prohibits plea bargains "unless there is insufficient evidence to prove the people's case, or testimony of a material witness cannot be obtained, or a reduction or dismissal would not result in a substantial change of sentence." (§ 1192.7, subd. (a); see *People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1526 & fn. 10 [86 Cal.Rptr.2d 134] [trial court should explain why a bargain is approved]; *People v. Tung* (1994) 30 Cal.App.4th 1607, 1612 [36 Cal.Rptr.2d 727].) Plea bargaining in this context means "any bargaining, negotiation, or discussion between a criminal defendant, or his or her counsel, and a prosecuting attorney or judge, whereby the defendant agrees to plead guilty or nolo contendere, in exchange for any promises, commitments, concessions, assurances, or consideration by the prosecuting attorney or judge relating to any charge against the defendant or to the sentencing of the defendant." (§ 1192.7, subd. (b); see *People v. Superior Court (Ludwig)* (1985) 174 Cal.App.3d 473, 475-476 [220 Cal.Rptr. 87] [vacating plea bargain between defendant and trial court due to violation of Proposition 8].) The prosecutor's stated position that only weak cases are deferred dovetails with the purpose immanent in Proposition 8.

Defendant points out that some crimes covered by the diversion statute are not "serious felonies" under Proposition 8, viz., "any crime in which a minor is a victim of an act of molestation, abuse, or neglect" (§ 1000.12, subd. (a)), but which is not defined as a serious felony by section 1192.7, subdivision (c). (E.g., § 261.5 [statutory rape].) These exceptions do not change the fact that in order to structure a diversion program that would encompass serious felonies, a mechanism comporting with Proposition 8 had to be devised.

Second, because of the limitations of Proposition 8, a prosecutor faced with a defendant who molested a child, but did so in extremely unusual circumstances such that he, the victim, and society would be best served by an alternative to prison or probation (both of which result, in the end, in lifetime registration as a sex offender under § 290), has limited flexibility.

Third, as the Attorney General argues, section 1000.12 provides a solution of sorts: A prosecutor can (without political or social obloquy) accept a

defendant's offer to plead guilty "to all crimes and enhancements charged" and move for deferred entry of judgment. (§ 1000.12, subd. (c)(1).)

Fourth, then, and only then, does the judge take over: "Upon that motion and defendant's plea . . . the court may defer entry of judgment[.]" (§ 1000.12, subd. (c)(1).) This is where the trial court must find facts and exercise discretion, i.e., *judge* the matter before the court.

If the People had some sort of veto over *this* decision by the trial court, then this statute would indeed fall under the weight of *On Tai Ho, supra,* 11 Cal.3d 59. But the People have no such power: Once the defendant pleads guilty and the prosecutor moves for deferral, the decision of how to dispose of the charges is in the hands of the judge, where it belongs.

In contrast, a trial court can no more order deferral over the wishes of the People than it could accept a plea bargain to lesser charges over their wishes. (See *People v. Orin* (1975) 13 Cal.3d 937, 946-947 [120 Cal.Rptr. 65, 533 P.2d 193].) ■ "[T]he court has no authority to substitute itself as the representative of the People in the negotiation process and under the guise of 'plea bargaining' to 'agree' to a disposition of the case over prosecutorial objection." (*Id.* at p. 943.)

■ The prosecutorial power is, indeed, mighty. "It is true, of course, that a prosecutor's exercise of discretion to charge a defendant with a felony rather than a misdemeanor when the facts of the case would support either charge will frequently have a variety of effects on the ultimate judicial disposition of the matter. A prosecutor's charging decision may, for example, determine whether a defendant is convicted of an offense for which probation may not be granted, or for which a specific punishment is mandated. Those familiar consequences of the charging decision have, however, never been viewed as converting a prosecutor's exercise of his traditional charging discretion into a violation of the separation-of-powers doctrine." (*Davis v. Municipal Court, supra,* 46 Cal.3d at p. 82.) "Taken together, *On Tai Ho* and *Sledge* establish that when a district attorney is given a role during the 'judicial phase' of a criminal proceeding, such role will violate the separation-of-powers doctrine if it accords the district attorney broad, discretionary decisionmaking authority to countermand a judicial determination, but not if it only assigns the district attorney a more limited, quasi-ministerial function. Neither case, however, contains any suggestion whatsoever that a district attorney improperly exercises 'judicial authority' in violation of the separation-of-powers doctrine when he exercises his traditional broad discretion, *before* charges are filed, to decide what charges ought to be prosecuted, even when that charging decision affects the defendant's eligibility for diversion." (*Id.* at p. 85.) ■ Although this quotation speaks of the time "before charges are filed," we find it applies in this case as well.

We recognize the statute in this case does not provide a judicial check (even impliedly, or postconviction) on the People's decision whether or not to invoke the deferral option. (Cf. *Sledge, supra,* 11 Cal.3d at p. 75 ["the decision of the district attorney that a defendant is ineligible on this ground is subject to judicial review at the proper time"]; *People v. Sturiale* (2000) 82 Cal.App.4th 1308, 1314 [98 Cal.Rptr.2d 865] [drug deferral, § 1000, subd. (b) provides remedy of postconviction appeal]; *Butler v. Superior Court* (1998) 63 Cal.App.4th 64 [73 Cal.Rptr.2d 504].) Defendant cannot obtain review of the prosecution's refusal to move for deferred entry of judgment under the statute.

And rightly so: Because the statute in effect amounts to a sentence bargain, which the trial court may or may not endorse, judicial review over the People's choice is no more appropriate here than over the People's choice not to plea bargain (or sentence bargain) in ordinary cases.

To the extent defendant suggests we should construe the statute so as to permit a trial court to grant deferral over the People's wishes, we decline the invitation. What he wants is to have this court rewrite the statute under cover of "interpretation." It is the Legislature's job to draft statutes expressing its intention. (*People v. Knowles* (1950) 35 Cal.2d 175, 182 [217 P.2d 1]; see *Fletcher v. Peck* (1810) 10 U.S. (6 Cranch) 87, 130 [3 L.Ed. 162, 176].)

We agree with defendant that, as stated by the California Supreme Court, "whether a power is judicial in nature depends not on the procedural posture of the case, but on the substance of the power and the effect of its exercise." (*On Tai Ho, supra,* 11 Cal.3d at p. 68.) But this observation cuts against his argument that because (unlike in diversion cases) in a deferral case the defendant has pleaded guilty to charges already brought, the prosecutorial die is cast and the court must have the power to control the disposition of the charges. We do not view the deferral option as simply another sentencing choice given to the court.

The fact, as defendant points out, that the statute does not explicitly mention a "bargain" is not dispositive. We agree with the Attorney General it is *akin* to a bargain, so much so that it falls safely on the executive side of the line demarcated by the separation of powers provision. (Cal. Const., art. III, § 3.) To the extent defendant rests this claim on the fact no charges are reduced or dismissed under the deferral statute, this overlooks the fact that a bargain may be brokered on several terms, including in many cases only the sentence. (E.g., § 1192.5; *People v. Superior Court (Felmann)* (1976) 59 Cal.App.3d 270, 274-277 [130 Cal.Rptr. 548]; *id.* at pp. 284-287 (dis. opn. of Hanson, J.) [conditional pleas].)

The trial court correctly viewed its job under the statute as the duty to approve or disapprove of a plea bargain: "The court only performs a

relatively ministerial act to facilitate the agreement reached between the district attorney and the . . . defendant." The trial court's role, however, is not "ministerial" as such. The trial court does not rubberstamp any agreement submitted by the parties, but protects the public by ensuring the interests of justice are served by the agreement. (*On Tai Ho, supra,* 11 Cal.3d at p. 66 ["the court does not simply rubber-stamp the recommendation of the probation report"].) This is particularly so in cases involving serious felonies. (§ 1192.7, subd. (a); see *People v. Tung, supra,* 30 Cal.App.4th at pp. 1611-1612; *People v. Stringham* (1988) 206 Cal.App.3d 184, 194-197 [253 Cal.Rptr. 484], quoted in part with approval, in *In re Alvernaz* (1992) 2 Cal.4th 924, 941 [8 Cal.Rptr.2d 713, 830 P.2d 747].)

Defendant's protracted references to legislative documents surrounding the passage of subdivision (c) of section 1000.12 avail him naught, because the statute speaks for itself: Defendant has not pointed to any ambiguity calling for exploration of so-called legislative "history." (*Hughes v. Board of Architectural Examiners* (1998) 17 Cal.4th 763, 766 [72 Cal.Rptr.2d 624, 952 P.2d 641].)

Defendant's elaborate argument concluding a defendant may make a motion under section 1000.12, subdivision (c) collapses when subdivision (a) is considered: Allowing a defendant to move for deferral would transgress the explicit legislative purpose set forth in subdivision (a).

Defendant faults the People for failing to adopt appropriate guidelines after the 1994 amendment providing for deferral after the filing of charges. Even if defendant is correct that the Placer County District Attorney is not in compliance with the current version of the statute, that does not entitle him to the relief he seeks, i.e., a deferred entry of judgment. For the reasons stated above, defendant's eligibility, *vel non*, does not entitle him to a deferral, where the People do not invoke such procedure.

DISPOSITION

The judgment (order granting probation) is affirmed.

Raye, Acting P. J., and Hull, J., concurred.

A petition for a rehearing was denied September 26, 2001, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied December 12, 2001. Kennard, J., and Chin, J., were of the opinion that the petition should be granted.