PICKERING, J., dissenting:
The Legislature has authorized a deferred sentencing program to treat defendants who are veterans or members of the military, known as veterans court. NRS 176A.280. After guilt is established, whether by guilty plea or other adjudication, the court suspends further proceedings, including entry of judgment, so the defendant can participate in the veterans court program. NRS 176A.290(1). If the defendant fails to complete the program, the court then enters the judgment of conviction and sentences the defendant conventionally. NRS 176A.290(3). But if the defendant successfully completes the program, "the court shall discharge the defendant and dismiss the proceedings." NRS 176A.290(4). With certain exceptions not relevant here, discharge and dismissal under this statute "is without adjudication of guilt and is not a conviction." Id.
The Legislature has placed a number of conditions on eligibility for veterans court, including that the defendant appears to suffer from a mental illness, substance abuse, brain injury, or posttraumatic stress disorder related to military service, or military sexual trauma, NRS 176A.280(1)(a)(1), (2); the defendant "[w]ould benefit from assignment to the program," NRS 176A.280(1)(b) ; the defendant has not been previously assigned to such a program, NRS 176A.287(1)(a) ; the defendant was honorably discharged unless extraordinary circumstances exist, NRS 176A.287(1)(b), (2); and the offense is probationable, NRS 176A.290(1).
The Legislature has further limited eligibility for veterans court based on the defendant's use of force or violence, as follows:
If the offense committed by the defendant involved the use or threatened use of force or violence or if the defendant was previously convicted ... of a felony that involved the use or threatened use of force or violence, the district court ... may not assign the defendant to the program unless the prosecuting attorney stipulates to the assignment
NRS 176A.290(2) (emphasis added). It is this provision that is at issue on this writ. The majority concludes that the italicized language-requiring prosecutorial stipulation before a veteran charged with, or who has a history of, violent crime can be assigned to veterans court-intrudes on judicial discretion and thus violates the separation of powers doctrine. To correct this perceived violation, the majority rewrites the statute to strike its italicized language. As a result, no veteran charged with or who has a history of violent crime can participate in veterans court going forward-even, presumably, in a case where both the district court and the prosecutor believe assignment is appropriate. As I disagree with both the reasoning and result, I respectfully dissent.
I.
Matthew Hearn is a veteran of the United States Army, honorably discharged from service, with a diagnosis of posttraumatic stress disorder. He was charged with felony battery by a prisoner for the use of "force or violence upon the person of DEPUTY JAMES COOK by putting the victim in a headlock and strangling him." Hearn pleaded guilty. During the plea canvass, Hearn stated that he did not dispute the facts of the crime as charged.
After entry of his plea, Hearn applied for veterans court. A specialty courts officer sent a letter informing Hearn that he was eligible to participate in veterans court. The prosecutor subsequently informed Hearn that the State would not agree to Hearn's assignment to veterans court. Hearn then filed a motion to hold NRS 176A.290(2), in particular the provision relating to prosecutorial stipulation, unconstitutional as a violation of the separation of powers. The district court agreed, finding that the provision requiring the prosecutor's *164 stipulation for a violent offender to be eligible for veterans court violated the separation of powers doctrine. The district court then purported to sever the provision requiring the prosecutor's stipulation from the remainder of subsection 2 and held that "[w]ithout the offending language, the judiciary retains its discretion to assign or not assign the defendant to the program."
The State filed a petition for a writ of mandamus or prohibition challenging the district court's decision. Although the majority denies the State's writ petition, it reaches the exact opposite conclusion from the district court. In the majority's view, a defendant charged with, or who has a history of violent crime, is categorically ineligible for veterans court.
II.
Article 3, Section 1(1) of the Nevada Constitution addresses the relationship between the three branches of State government:
The powers of the Government of the State of Nevada shall be divided into three separate departments,-the Legislative,-the Executive and the Judicial; and no persons charged with the exercise of powers properly belonging to one of these departments shall exercise any functions, appertaining to either of the others, except in the cases expressly directed or permitted in this constitution.
This provision establishes that the three branches are separate and coequal, and each has powers related to its own functions. While observing that each branch "maintain[s] its separate autonomy," this court has recognized that there is some amount of overlap and interdependence. Galloway v. Truesdell, 83 Nev. 13, 21, 422 P.2d 237, 243 (1967).
A.
One area of overlap and interdependence is implicated in this case-what penalty applies to a criminal offense. Establishing the penalty for a criminal offense is a legislative function. Mendoza-Lobos v. State, 125 Nev. 634, 639-40, 218 P.3d 501, 504-05 (2009). Deciding what penalty to impose in a given case is a judicial function. Id. The judicial function is constrained, however, by the related legislative function. For example, the Legislature may "completely remove any judicial discretion to determine a criminal penalty by creating mandatory sentencing schemes" or "mandat[e] factors to be considered by the courts when imposing a sentence." Id. at 640, 218 P.3d at 505. Similarly, "[t]he power to suspend [a] sentence and grant probation springs from legislative grant rather than from the inherent powers of the court." Creps v. State, 94 Nev. 351, 360, 581 P.2d 842, 848 (1978). So too does the power to place a defendant in a deferred sentencing program. See Savage v. Third Judicial Dist. Court, 125 Nev. 9, 16-17, 200 P.3d 77, 82 (2009) (recognizing that the Legislature authorized a DUI treatment program). Judicial power, on the other hand, "is the authority to hear and determine justiciable controversies." Galloway, 83 Nev. at 20, 422 P.2d at 242. And demonstrating this coordination of powers, judicial power naturally includes the imposition of a sentence within the limits set by the Legislature. Mendoza-Lobos, 125 Nev. at 639-40, 218 P.3d at 505.
The majority concludes that the Legislature may not condition eligibility for veterans court upon prosecutorial agreement because it affords the prosecutor a veto over a judicial function. Not so. The Legislature has set the parameters of eligibility for the program: a violent offender is not eligible for veterans court without prosecutorial stipulation. This does not afford the prosecutor a veto but rather establishes a condition precedent to the district court's exercise of the discretion granted by the Legislature. The district court may not place a violent offender in the program without an agreement by the prosecutor (and the defendant for that matter, see NRS 176A.290(1) ). These are the eligibility parameters established by the Legislature. Without them, a violent offender would not be eligible for veterans court at all. While the district court may exercise its discretion in sentencing within the bounds set by the Legislature, the district court has no authority to traverse the bounds or ignore the conditions on eligibility set by the Legislature.
*165 This is no different than conditions the Legislature has placed on the district court's discretion to suspend a sentence and place a defendant on probation. For example, the Legislature has provided that defendants convicted of certain offenses shall not be placed on probation without a psychosexual evaluation certifying that the defendant is not a high risk to reoffend. NRS 176A.110(1). Without this certification, a district court has no discretion to place a defendant on probation. A condition precedent does nothing more than set the parameters of the district court's discretion.
B.
The majority mistakenly relies upon Stromberg v. Second Judicial District Court , 125 Nev. 1, 200 P.3d 509 (2009), to conclude that the Legislature cannot condition assignment to veterans court upon prosecutorial agreement. Unlike the case before us today involving the tension between the legislative and judicial branches, Stromberg addressed the interplay between the executive and judicial branches. In Stromberg , the State argued that former NRS 484.37941[1] violated the separation of powers in permitting the district court to accept a guilty plea to a third-offense DUI and, upon successful completion of the program, enter a conviction for a second-offense DUI over the State's objection. Id. at 6, 200 P.3d at 512. The State argued that this interfered with its exclusive power to charge a defendant. Id. This court rejected the separation-of-powers argument, noting that the district court's exercise of discretion in granting the application for treatment was "simply a choice between the legislatively prescribed penalties set forth in the statute" and does not limit the State's discretion to charge an offender with a third-offense DUI or a lesser offense. Id. at 8, 200 P.3d at 513. Insofar as this court recognized that the district court exercised its discretion within the parameters set by the Legislature, Stromberg correctly states the law.
However, Stromberg went on to conclude that the "court's decision to allow an offender to enter a program of treatment is analogous to the decision to sentence an offender to probation." Id. This is a false analogy. Assignment to veterans court is not analogous to sentencing. The assignment defers sentencing, and the successful completion of veterans court results in the dismissal of charges. NRS 176A.290(4). An offender will only be sentenced if the offender does not successfully complete the program. Id.
The California cases relied upon in Stromberg , Esteybar v. Municipal Court for Long Beach Judicial District, 5 Cal.3d 119, 95 Cal.Rptr. 524, 485 P.2d 1140 (1971), and People v. Superior Court of San Mateo County , 11 Cal.3d 59, 113 Cal.Rptr. 21, 520 P.2d 405 (1974), have dubious value, since they involve dissimilar statutory provisions for treatment of an offense as a misdemeanor and a pre-plea diversion program. And while it is neither necessary nor helpful to try to explicate the Byzantine array of sentencing and alternative sentencing options in California, California has subsequently recognized that a deferred sentencing program, similar to our veterans court, did not violate the separation of powers by conditioning assignment upon prosecutorial agreement. See People v. Andreotti , 91 Cal.App.4th 1263, 111 Cal.Rptr.2d 462, 463-70 (2001) (explaining the difference between a diversion program and a deferred entry of judgment program, likening the requirement that the prosecutor move to defer entry of judgment to the prosecutor's power to plea bargain, and concluding that this requirement did not violate the separation of powers). The majority's reading of the Andreotti decision seemingly ignores the fact that a prosecutor must file a motion for a defendant to be eligible for deferral and the ultimate conclusion that this requirement does not violate the separation of powers. Id. It is hard to reconcile how eligibility based upon prosecutorial stipulation differs much in substance to eligibility based upon a prosecutorial motion. Under either scenario, eligibility for placement in a diversion program, which involves prosecutorial agreement, necessarily informs on the district court's discretion to place a defendant in a diversion program.
*166 Other states have similarly determined that conditioning the district court's exercise of discretion upon prosecutorial agreement in deferred sentencing does not run afoul of the separation of powers. See, e.g., People in Interest of R.M.V., 942 P.2d 1317, 1319-22 (Colo. App. 1997) (holding that conditioning deferral of sentencing upon prosecutorial consent does not violate separation of powers because it is analogous to the executive authority to plea bargain); State v. Graves, 58 Or.App. 286, 648 P.2d 866, 868-69 (1982) (determining that drug diversion statute did not violate separation of powers); State v. Pierce, 163 Vt. 192, 657 A.2d 192, 195-96 (1995) (determining that requiring prosecutorial agreement in deferred sentencing does not violate separation of powers because deferred sentencing is more analogous to the prosecutor's power to plea bargain or a conditional pardon). I agree with these decisions and would hold that NRS 176A.290(2) does not violate the separation of powers by requiring the prosecutor's stipulation before a violent offender is eligible for veterans court.
III.
After determining that the prosecutorial-stipulation language in NRS 176A.290(2) violates the separation of powers doctrine, the majority addresses severance. It concludes that the remedy for the separation of powers violation is to strike the phrase "unless the prosecuting attorney stipulates to the assignment" from NRS 176A.290(2). As revised, NRS 176A.290(2) now reads: "If the offense committed by the defendant involved the use or threatened use of force or violence or if the defendant was previously convicted ... of a felony that involved the use or threatened use of force or violence, the district court ... may not assign the defendant to the program."
Severance is a recognized means of curing constitutional infirmity in a statute. NRS 0.020(1). As employed here, though, it leads to the dog-in-the-manger result that no defendant who is charged with or has committed a violent crime can participate in veterans court. The judiciary's power is protected but at the price of the discretionary eligibility for veterans court the Legislature provided for. The majority appears to try to soften the blow of its decision, which precludes all violent offenders from being assigned to veterans court, by reminding the district court to consider whether "the facts and circumstances surrounding the offense" show that the offense involved the use or threatened use of force or violence pursuant to NRS 176A.290(2). Aside from the fact that no one has suggested the offense charged in this case did not involve the use or threatened use of force or violence for purposes of NRS 176A.290(2), the record before us establishes the offense involved the use of force (a chokehold). Given the charges, which he admitted in pleading guilty, Matthew Hearn is categorically ineligible for veterans court.
IV.
The wisdom of requiring prosecutorial agreement for a violent offender to be assigned to veterans court is debatable among reasonable people. However, it is up to the Legislature to make public policy determinations about the eligibility requirements for a deferred sentencing program and the parameters of the district court's discretion in determining whether to assign an offender to such a program. Veterans court is Nevada's acknowledgment of the service of the men and women in our military and the debt we owe them for their service. In establishing veterans court, the Legislature acknowledged that combat-related injuries have led to increased contact with the criminal justice system for some veterans and that these veterans would benefit from rehabilitative services. 2009 Nev. Stat., ch. 44, at 99-100 (enacting statements). The Legislature chose to open the doors of veterans court to those who committed violent crimes if the prosecution agreed. But the majority's decision precludes offenders who commit violent crimes from inclusion in the program. I disagree that NRS 176A.290(2) violates the separation of powers doctrine, and I dissent from the decision categorically precluding all violent offenders from assignment to veterans court.

NRS 484.37941 was repealed and replaced by NRS 484C.340.