Filed 5/12/15  P. v. Valdez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANNY MARTINEZ VALDEZ,<br><br>    Defendant and Appellant. | E060673<br><br>(Super.Ct.No. FWV028757)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Gary V. Crooks, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Heather F. Crawford, Deputy Attorneys General, for Plaintiff and Respondent.

On July 29, 2013, defendant and appellant Danny Martinez Valdez filed a petition for resentencing pursuant to Penal Code section 1170.126.[1]  On February 17, 2014, the court denied defendant's petition.  On appeal, defendant contends the court erred in determining he was ineligible for resentencing.  We affirm.

PROCEDURAL HISTORY

On December 5, 2003, a jury convicted defendant of inflicting corporal injury on a cohabitant (count 1; § 273.5, subd. (a)).[2]  On January 30, 2004, the trial court found true allegations defendant had four prior strike convictions.  Defendant's four prior strike convictions were for assault with intent to commit rape in 1976 (§ 220); assault with intent to commit rape in 1979 (§ 220); assault upon a person with a firearm (§ 245, subd. (a)(2)) with an attached allegation of great bodily injury (§ 12022.7) in 1989; and criminal threats (§ 422) in 2001.  On April 30, 2004, the court sentenced defendant to an indeterminate term of imprisonment of 29 years to life.

On July 29, 2013, defendant filed a petition for resentencing with no documents attached and no description of his prior strike convictions for assault with intent to commit rape.  On August 21, 2013, the court ordered the People to obtain copies of defendant's prior criminal records and issued a subpoena for defendant's prison records.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] By separate order, we took judicial notice of the opinion and the section 969b packet exhibit Nos. 44 and 45, admitted at the trial on the section 220 prior strike allegations in the record from defendant's appeal from his latest conviction, case no. E035785.

2

At a hearing on February 7, 2014, the court noted, "this case has been on calendar a couple of times. [Defendant], in his current case, two of the strikes that were alleged were for [section] 220. One from 1976 and one from 1979. And we continued it a few times to get the court records, the exhibits that were used in this trial, to prove those priors to confirm that the [section] 220s were, in fact, assault with intent to commit rape as opposed to mayhem. [¶] It appears that those exhibits have been destroyed, so they are not available. We could go through the process of reordering the priors, although since they're from 1976 and 1979, they may not be available. But the District Attorney has pointed out that the rap sheet for those underlying offenses, certified rap sheet in the possession of the District Attorney's Office, shows the original charges in that case were rape and assault with intent to commit rape, and the conviction for the [section] 220 assault with intent to commit rape. So it certainly appears that the prior strikes were for the assault with intent to commit rape, which makes the defendant statutorily ineligible."

Defense counsel observed, "I do understand what the rap sheet reflects, however, rap sheets are inherently unreliable documents . . . . [¶] It's our position that due to that ambiguity and due to the fact that the priors were destroyed, the benefit of the doubt should go to the defense here."

The court ruled, "Given the rap sheet showing the nature of the original charges in both cases, I'm satisfied that the [section] 220s in [the] 1979 and 1976 cases were, in fact, assault with intent to commit rape, and that—therefore, those are sexually violent offenses as defined by Welfare and Institutions Code Section 6600. And therefore, the

3

defendant is statutorily ineligible for resentencing, and his petition for resentencing is therefore denied on that ground."

## DISCUSSION

Defendant contends the People bore the burden of producing sufficient evidence to prove defendant's prior strike convictions disqualified him from eligibility for resentencing. Defendant maintains the rap sheet was not in evidence and, even if it were, it could not be used to prove the nature of defendant's prior convictions. Defendant argues that even if defendant's prior convictions were for assault with attempt to commit rape (Pen. Code, § 220), there was insufficient evidence to support a determination that defendant committed the offenses with the requisite "force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threat[] to retaliate in the future against the victim or any other person . . . ." (Welf. & Inst. Code, § 6600.) Defendant claims that because the record does not disclose how defendant committed the assaults, the court was required to presume the convictions were for the least serious form of the offense. We disagree.

Section 1170.126 "provides a means whereby prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction." (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1286.) "First, the court must determine whether the prisoner is eligible for resentencing; second, the court must determine whether resentencing would pose an unreasonable risk of

4

danger to public safety; and third, if the prisoner is eligible and resentencing would *not* pose an unreasonable risk of danger, the court must actually resentence the prisoner." (*Id*. at p. 1299, fn. omitted.)

"Any person serving an indeterminate term of life imprisonment . . . upon conviction . . . of a felony or felonies that are not defined as serious and/or violent . . . may file a petition for a recall of sentence . . . before the trial court that entered the judgment of conviction in his or her case, to request resentencing . . . ." (§ 1170.126, subd. (b).) Under section 1170.126, subdivision (e), an inmate is eligible for resentencing if (1) he is serving an indeterminate term of life imprisonment imposed pursuant to section 667, subdivision (e)(2); (2) his current sentence was not imposed for offenses appearing in section 667, subdivision (e)(2)(C)(i) through (iii); and (3) he has not had prior convictions for any of the offenses appearing in section 667, subdivision (e)(2)(C)(iv). Here, only the third element is at issue. Likewise, there is no dispute that were it not for defendant's section 220 prior convictions, he would be eligible for resentencing.

Penal Code section 667, subdivision (e)(2)(C)(iv) makes ineligible for resentencing any defendant who has "suffered a prior serious and/or violent felony conviction . . . for . . . [¶] (I) A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." Welfare and Institutions Code section 6600, subdivision (b) defines assault with intent to commit mayhem, rape, sodomy, oral copulation, or other specified offenses (Pen. Code, § 220) as a "'[s]exually violent offense' . . . when committed by force, violence, duress, menace, fear of

5

immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person . . . ."

A.     Defendant's Failure to Bear the Burden of Production

"The petition for a recall of sentence described in subdivision (b) shall specify all of the currently charged felonies, which resulted in the sentence . . . and shall also specify all of the prior convictions alleged and proved . . . ." (§ 1170.126, subd. (d).)  A petitioner generally bears the burden of producing sufficient evidence to establish a prima facie case for the relief requested.  (See *In re Champion* (2014) 58 Cal.4th 965, 1006-1007 [defendant in petition for writ of habeas corpus """"bears a heavy burden initially to plead sufficient grounds for relief, and then later to *prove* them.""""]); *In re D.P.* (2014) 225 Cal.App.4th 898, 903; *Regents of University of California v. Superior Court* (2013) 222 Cal.App.4th 383, 389; *People v. Hyung Joon Kim* (2009) 45 Cal.4th 1078, 1101 [defendant bears burden of producing evidence on petition for writ of coram nobis]; *In re Paul W.* (2007) 151 Cal.App.4th 37, 71 ["The petitioner has the burden of proving the factual contentions contained in the petition by a preponderance of the evidence."]; *In re Conservatorship of Christopher A.* (2006) 139 Cal.App.4th 604, 612 [petitioner for conservatorship has the burden of producing evidence]; *In re Lucas* (2004) 33 Cal.4th 682, 735 [defendant bears burden of producing evidence on petition for writ of habeas corpus].)

Here, defendant failed to even mention in his petition that he had two prior strike convictions for assault with intent to commit rape, which were alleged and proved at the same time as the two other prior strike convictions he did list.  Likewise, defendant

neither attached to his petition any documentation regarding the record of the offense for which he had been sentenced to an indeterminate term, nor of the prior strike convictions that had been alleged and proved. Similarly, defendant failed to produce any further such documentation at the hearing on his petition. Rather, it appears the People produced defendant's rap sheets. Thus, the trial court would have acted well within its discretion in denying defendant's petition solely on the basis that defendant failed to specify all his prior strike convictions and failed to carry his burden of producing evidence to support the petition.

Defendant cites *People v. Delgado* (2008) 43 Cal.4th 1059, 1066, and *People v. Rodriguez* (1998) 17 Cal.4th 253, 262, for the proposition that it is the People's burden to produce evidence sufficient to prove that a prior offense, which, depending on the manner of its commission, may or may not qualify as an enhancement, actually does so qualify: "In such a case, if the statute under which the prior conviction occurred could be violated in a way that does not qualify for the alleged enhancement, the evidence is thus insufficient, and the People have failed in their burden. [Citation.]" (*Delgado*, at p. 1066.) However, both *Delgado* and *Rodriguez* involved cases in which the People were attempting to prove allegations during the respective defendants' trials that the defendants had suffered prior conviction offenses, which would enhance their sentences. (*Delgado*, at pp. 1065-1066; *Rodriguez,* at pp. 261-262.)

Here, the People are not seeking to prove the truth of an allegation that will enhance defendant's sentence. Indeed, the truth of the allegations or facts of the convictions for which defendant was sentenced have long since been determined. It is

7

defendant who is petitioning the court for relief. Thus, it is defendant who has the burden of both production and proof in convincing the court he is entitled to relief. Defendant's failure to produce evidence that his record of conviction entitles him to relief compelled the court's determination that he was ineligible.

Defendant's contention that because the records were not produced by the People, any ambiguity should inure to defendant's benefit is unavailing. The resentencing permitted by section 1170.126 is not constitutionally required, but is an act of lenity on the part of the electorate. A trial court's determination regarding the eligibility of a defendant for resentencing comes only after a defendant has already been convicted and sentenced for the commitment offense. Thus, the court's determination does not increase or aggravate the penalty to which the defendant is already subject. (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1040.) It is defendant's burden to prove to the court he is entitled to such leniency.

Moreover, where, as here, the records are unavailable because they have been destroyed or lost due to the passage of time, no principle of law requires a presumption in favor of the defendant. Indeed, defendant cites no authority for such a proposition. It is unclear from the record whether defendant appealed either of his convictions for assault with intent to commit rape. If he did, those records in possession of the state have likely been destroyed. (Cal. Rules of Court, rule 10.1028(d) ["In a criminal case in which the court affirms a judgment of conviction, the clerk must keep the original reporter's transcript for 20 years after the decision becomes final"].) However, defendant would have received a copy himself, which he could have produced to support his petition. If he

8

did not appeal, then defendant chose to forgo his opportunity for a direct appeal from the convictions "with its attendant unconditional free transcript." (*U.S. v. MacCollom* (1976) 426 U.S. 317, 325.) Defendant failed to carry his burden of proof and production on the petition.

B.    Sufficient Evidence Exists That Defendant Was Ineligible for Resentencing

Regardless of whether the rap sheets the court used in determining defendant was ineligible for resentencing were admissible or should have been officially entered into evidence, we have found sufficient evidence that defendant was ineligible for resentencing.

"'On appeal we consider the correctness of the trial court's ruling *itself,* not the correctness of the trial court's *reasons* for reaching its decision. [Citations.]' [Citation.]" (*People v. Bryant* (2014) 60 Cal.4th 335, 364-365.) The court "may examine relevant, reliable, admissible portions of the record of conviction to determine the existence or nonexistence of disqualifying factors. [Citation.]" (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1063; *People v. Hicks* (2014) 231 Cal.App.4th 275, 286 [court may rely on appellate opinion from appeal of current conviction].) "'[A]ppellate opinions, in general, are part of the record of conviction that the trier of fact may consider in determining whether a conviction qualifies under the sentencing scheme at issue.' [Citation.]" (*People v. Trujillo* (2006) 40 Cal.4th 165, 180-181, quoting *People v. Woodell* (1998) 17 Cal.4th 448, 457.)

A court may look not only to the record of conviction for a particular crime, but to other records that contain sufficient procedural protections to ensure their reliability when

9

a court is determining the facts underlying the offense for purposes of sentencing on a subsequent conviction. (See *People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1526-1527, 1531-1532 [Fourth Dist., Div. Two] [preliminary hearing transcript on prior offenses supported determination prior conviction was a serious felony]; *People v. Trujillo*, *supra*, 40 Cal.4th at pp. 177-180 [same]; *People v. White* (2014) 223 Cal.App.4th 512, 525 [reliance on record of conviction including information, pretrial motion, and closing argument].)

Here, if either one of defendant's convictions for assault with intent to commit rape alone met the definition in Welfare and Institutions Code section 6600, defendant would be ineligible for resentencing. As reflected in the Penal Code section 969b packet admitted into evidence during the bench trial on defendant's alleged prior strike convictions, defendant was charged by complaint with rape "by means of force" upon a victim in 1975. The information charged defendant with rape "by means of force" and further alleged that in the course of the rape, defendant had "intentionally inflicted great bodily injury" upon the victim. On January 6, 1976, defendant pled guilty to the lesser offense of assault with intent to commit rape in return for dismissal of the more serious charge. The description of the offense in the complaint and information as occurring "by means of force" and the additional allegation in the information that defendant had "intentionally inflicted great bodily injury" upon the victim are sufficient evidence that defendant's 1976 conviction met the "force, violence, duress, menace, [or] fear of immediate and unlawful bodily injury" conditions making him ineligible for resentencing pursuant to section 1170.126.

Even if defendant's 1976 offense did not meet the disqualifying criteria in Welfare and Institutions Code section 6600, his conviction in 1979 did. With respect to defendant's conviction for assault with intent to commit rape in 1979, the complaint charged defendant both with assault by means of force likely to produce great bodily injury (Count 1; Pen. Code, § 245, subd. (a)) and assault with intent to commit rape (Count 2; Pen. Code, § 220) against the same victim at the same time. A jury convicted defendant of both offenses on March 28, 1979. Both the abstract of judgment and the probation officer's report from the record of defendant's conviction reflect a true finding on an attached allegation that defendant had inflicted "great bodily injury" in his commission of the assault with intent to commit rape. Thus, defendant's 1979 conviction alone made him ineligible for resentencing.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

HOLLENHORST
J.

11